Steven M. Bauer (Pro Hac Vice Application Forthcoming)
Richard B. Myrus (Pro Hac Vice Application Forthcoming)
Colin G. Cabral (Pro Hac Vice Application Forthcoming)
PROSKAUER ROSE LLP
One International Place
Boston, MA  02110
Tel. (617) 526-9600
sbauer@proskauer.com
rmyryus@proskauer.com
ccabral@proskauer.com

Jonathan E. Rich (SBN 187386)
PROSKAUER ROSE LLP
2049 Century Park East, Suite 3200
Los Angeles, CA 90067-3206
Telephone: (310) 557-2900
Facsimile: 310.557.2193
jrich@proskauer.com

Attorneys for
ENDECA TECHNOLOGIES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SPEEDTRACK, INC.<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>WAL-MART STORES, INC., THE HERTZ CORPORATION, MAGELLAN NAVIGATION, INC., and TOYOTA MOTOR SALES, U.S.A., INC.<br><br>　　　　Defendants. | Case No. C06 7336 PJH<br><br>ENDECA TECHNOLOGIES, INC.'S NOTICE OF MOTION AND MOTION TO INTERVENE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ENDECA TECHNOLOGIES, INC.'S MOTION TO INTERVENE<br><br>Date: April 25, 2007<br><br>Time: 9:00 a.m.<br><br>Action Filed: November 29, 2006 |

TO ALL PARTIES AND THEIR COUNSEL:

Endeca's Notice of Motion, Motion to Intervene, and Memorandum of Points and Authorities
No. C06 7336 PJH

PLEASE TAKE NOTICE THAT, on April 25, 2007 at 9:00 a.m., or as soon thereafter as the matter may be heard, at the United States Courthouse, 450 Golden Gate Avenue, San Francisco, California, 17th Floor, Courtroom 3, before the Honorable Phyliss J. Hamilton, Endeca Technologies, Inc. will move this Court for leave to intervene in this case as a party defendant.

Applicant moves to intervene in the above-captioned action as a defendant pursuant to Fed. R. Civ. P. 24 (a) or in the alternative pursuant to Fed. R. Civ. P. 24 (b). Applicant's motion is based on this Notice of Motion and Motion; the Memorandum of Points and Authorities; the Declaration of Jonathan Rich, Esq. in Support of the Motion to Intervene; all pleadings and other documents filed in this case; and any arguments of counsel.

DATED: March 13, 2007

PROSKAUER ROSE LLP
STEVEN M. BAUER*
RICHARD B. MYRUS*
COLIN G. CABRAL*
JONATHAN E. RICH

/s/
Jonathan E. Rich

Attorneys for,
ENDECA TECHNOLOGIES, INC.

*(Pro Hac Vice Application Forthcoming)*

2

Endeca's Notice of Motion, Motion to Intervene, and Memorandum of Points and Authorities
No. C06 7336 PJH

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... 1

II. STATEMENT OF FACTS .............................................................................................. 3

III. ARGUMENT .................................................................................................................. 4

    A. Endeca Is Entitled To Intervene as a Matter of Right ............................................ 5

        1. Endeca's Motion Is Timely ......................................................................... 5

        2. Endeca Has a Significant Interest in the Subject of this Litigation ............. 6

        3. Endeca's Ability To Protect Its Interests Will Be Impaired If It Cannot Intervene .......................................................................................... 7

        4. The Defendants May Not Adequately Represent Endeca's Interests in Defending Against SpeedTrack's Infringement Allegations ................... 7

    B. Endeca Should Be Permitted To Intervene Pursuant to Federal Rule of Civil Procedure 24 (b)(2)................................................................................................. 8

        1. There Is an Independent Ground for Jurisdiction ....................................... 8

        2. Endeca's Motion Is Timely ......................................................................... 9

        3. There Are Common Questions of Law and Fact Between Endeca's Claims and the Underlying Litigation......................................................... 9

IV. CONCLUSION ............................................................................................................. 10

Endeca's Notice of Motion, Motion to Intervene, and Memorandum of Points and Authorities
No. C06 7336 PJH

# TABLE OF AUTHORITIES

**Cases**

Forest Conservation Council v. United States Forest Service,
66 F.3d 1489 (9th Cir. 1995) ............................................................................................. 5, 6

Honeywell Int'l Inc. v. Audiovox Communications Corp.,
2005 WL 2465898 (D. Del. May 18, 2005) ...................................................................... 6, 7

IBM v. Conner Peripherals, Inc.,
1994 WL 706208 (N.D. Cal. Dec. 13, 1994) ......................................................................... 7

League of United Latin American Citizens v. Wilson,
131 F.3d 1297 (9th Cir. 1997) .............................................................................................. 8

McGough v. Covington Technologies Co.,
967 F.2d 1391 (9th Cir. 1992) .............................................................................................. 6

Sagebrush Rebellion, Inc. v. Watt,
713 F.3d 525 (9th Cir. 1983) ................................................................................................ 8

Southwest Center for Biological Diversity v. Berg,
268 F.3d 810 (9th Cir. 2001 ) ..................................................................................... 4, 5, 6, 7

**Statutes**

28 1 U.S.C. §§ 1331 ................................................................................................................ 9

28 U.S.C. § 1338 ..................................................................................................................... 9

28 U.S.C. §§ 2201 ................................................................................................................... 9

28 U.S.C. §§ 2201, 2202 ......................................................................................................... 9

**Rules**

Fed. R. Civ. P. 24 (a)(2) .......................................................................................................... 5

Fed. R. Civ. P. 24 (b)(2) .......................................................................................................... 8

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ENDECA TECHNOLOGIES, INC.'S MOTION TO INTERVENE

Pursuant to Fed. R. Civ. P. 24, Endeca Technologies, Inc. ("Endeca") respectfully submits this Memorandum in Support of Endeca's Motion to Intervene.

## I. INTRODUCTION

Endeca seeks leave to intervene in this action in view of the patent infringement allegations made by plaintiff SpeedTrack, Inc. ("SpeedTrack") against Endeca's customer, Wal-Mart Stores, Inc., and in view of at least twelve infringement demands that SpeedTrack has made against other Endeca customers throughout the United States.

SpeedTrack, the proposed defendant in intervention, filed this patent infringement action against four separate and unrelated parties: Wal-Mart Stores, Inc. ("Wal-Mart"), Hertz Corporation ("Hertz"), Magellan Navigation, Inc. ("Magellan"), and Toyota Motor Sales, U.S.A. ("Toyota"), alleging infringement of United States Patent No. 5,544,360 ("the '360 Patent"). With respect to Wal-Mart, SpeedTrack's contention appears to be that a specific feature of Wal-Mart's online retail website infringes the '360 Patent. Wal-Mart has licensed and uses Endeca's technology to support the Wal-Mart website, including the specific functionality SpeedTrack currently contends is at issue in this case.

In addition to suing Endeca's customer Wal-Mart, SpeedTrack has sent threatening letters to at least twelve other Endeca customers, asserting that the websites of these customers also infringe the '360 Patent. In these letters, SpeedTrack makes clear that it intends to sue each of Endeca's customers for patent infringement: "[SpeedTrack] intends first to pursue its claims for patent infringement against [Wal-Mart] before litigating, if necessary, against remaining infringers who have not licensed its technology."

1

Endeca's Notice of Motion, Motion to Intervene, and Memorandum of Points and Authorities
No. C06 7336 PJH

The Court should permit Endeca to intervene as of right pursuant to Fed. R. Civ. P. 24 (a)(2). Each of the current defendants has indicated that it has no objection to Endeca's intervention.[1] Because this case is in its infancy, the addition of Endeca will not disadvantage SpeedTrack or slow the case down. Indeed, Endeca's presence will benefit the Court and the parties because Endeca will be able to participate as a party during discovery and thereby provide direct access to the most accurate information possible about its technology. In addition, whereas SpeedTrack will suffer no prejudice if Endeca intervenes, SpeedTrack has put Endeca's technology squarely at issue, and Endeca has indemnification commitments to its customers, including Wal-Mart. Therefore, Endeca has a significant protectable interest in defending against SpeedTrack's allegations. Endeca will be greatly prejudiced if it is denied the opportunity to defend its technology and its technology is found to infringe in this case. Wal-Mart cannot adequately represent Endeca's interest in protecting Endeca's technology because Endeca's engineers are the experts in this field, its proprietary software is highly complex, and the details of its architecture are not fully known to Wal-Mart.

Endeca therefore requests leave to intervene as of right under Fed. R. Civ. P. 24 (a)(2). Alternatively, the Court can and should permit Endeca to intervene permissively pursuant to Fed. R. Civ. P. 24 (b)(2) because Endeca's motion has an independent jurisdictional basis under federal patent law, is timely, and several defenses are common to the main action and Endeca's action. In accordance with Fed. R. Civ. P. 24 (c), a copy of Endeca's proposed Complaint in Intervention is attached as Exhibit 1.

---

[1] Endeca has conferred with SpeedTrack, and SpeedTrack does not assent to Endeca's motion.

2

Endeca's Notice of Motion, Motion to Intervene, and Memorandum of Points and Authorities
No. C06 7336 PJH

## II. STATEMENT OF FACTS

Endeca is a Massachusetts-based company that provides enterprise information access solutions to a wide range of customers, including a number of online retail clients. Endeca's customized solutions are built on the patented Endeca Information Access Platform, which, among other things, enables online retailers to optimize the search, navigation and merchandizing capabilities of their websites. (http://endeca.com/byindustry/retail/online_retail.html, attached as Ex. A).[2]

The SpeedTrack Complaint alleges that Wal-Mart is infringing the '360 Patent by providing certain search features for the www.walmart.com website. (SpeedTrack's Complaint for Patent Infringement, Permanent Injunction, and Damages, ¶ 12). Pursuant to a March 5, 2004 License, Support, and Services Agreement, Endeca furnished Wal-Mart.com with the technology currently at issue. (License, Support, and Services Agreement with Wal-Mart.com USA, a subsidiary of Wal-Mart, dated March 5, 2004, attached as Ex. B). Pursuant to this agreement, Endeca also may defend Wal-Mart.com in patent litigation relating to Endeca's technology. (Id. at ¶ 9.1).

On November 29, 2006, SpeedTrack filed its Complaint in this action against Wal-Mart, Hertz, Magellan, and Toyota. SpeedTrack served Wal-Mart on December 21, 2006 and pursuant to stipulations between the parties, Wal-Mart answered on February 20, 2007. The Case Management Conference is set for March 15, 2007, and the parties have only recently embarked on the discovery process.

---

[2] All exhibits cited herein, other than Endeca's Complaint in Intervention, are attached to the Declaration of Jonathan Rich, Esq. dated March 12, 2007, submitted herewith. Endeca's Complaint in Intervention is attached hereto as Exhibit 1.

SpeedTrack has already focused on Endeca in its First Set of Requests for Production of Documents to Wal-Mart Stores, Inc., which includes fifteen document requests that refer to Endeca by name.  For example, SpeedTrack's Request No. 48 seeks:

> All DOCUMENTS referring to the NARROW YOUR SEARCH RESULTS FUNCTIONALITY provided by ENDECA to WALMART.

(Plaintiff's First Set of Requests for Production of Documents, attached as Ex. C).

SpeedTrack has sent patent demand letters to at least twelve Endeca customers,[3] accusing each of infringing the '360 Patent through the operation of their retail websites, which are powered by Endeca's technology.  The following is representative of SpeedTrack's threats against Endeca's customers:

> We also wanted to make you aware of the fact that on November 29, 2006, SpeedTrack filed a lawsuit in the Northern District of California alleging infringement of its '360 patent by Wal-Mart Stores, Inc., The Hertz Corporation, Magellan Navigation, Inc., and Toyota Motor Sales U.S.A., Inc. (06-CV-7336 PVT) (the "Action").  A copy of the Complaint is also included on the CD-ROM.  SpeedTrack intends to first pursue its claims for patent infringement against these defendants before litigating, if necessary, against remaining infringers who have not licensed its technology.  SpeedTrack reserves the right to take all legal steps necessary to enforce its patent rights with respect to any person whom SpeedTrack believes to be infringing the '360 patent, including your company.

(Letter from Block to J&R Electronics Inc., dated December 20, 2006, attached as Ex. D).

## III.  ARGUMENT

The Ninth Circuit construes Rule 24 liberally in favor of potential intervenors.  <u>Southwest Center for Biological Diversity v. Berg</u>, 268 F.3d 810, 818 (9th Cir. 2001 ).  "By allowing parties with a practical interest in the outcome of a particular case to intervene, we often prevent or

---

[3] The following Endeca customers, and perhaps others, have received a demand letter from SpeedTrack:  AMR; Blue Fly.com; CDW.com; Christianbook.com; Circuit City Stores, Inc.; Costco Wholesale Corp.; eMusic.com Inc.; Golfsmith International Inc.; J&R Music World; Jewelry Television; OneCall.com; PC Connection Services.

4

simplify future litigation involving related issues; at the same time, we allow an additional interested party to express its views before the court." <u>Forest Conservation Council v. United States Forest Service</u>, 66 F.3d 1489, 1496 n.8 (9th Cir. 1995). Endeca should be permitted to intervene in this case, either as a matter of right under Fed. R. Civ. P. 24 (a)(2) or permissively under Fed. R. Civ. P. 24 (b)(2).

### A.   **Endeca Is Entitled To Intervene as a Matter of Right**

Rule 24 (a) provides:

> Upon timely application, anyone shall be permitted to intervene in an action: . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24 (a)(2).

The Ninth Circuit applies a four-part test to evaluate motions for intervention under Rule 24 (a):

(1) the motion must be timely;

(2) the applicant must have a significantly protectable interest relating to the property or transaction which is the subject of the action;

(3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and

(4) the applicant's interest must be inadequately represented by the parties to the action.

<u>Southwest Center for Biological Diversity</u>, 268 F.3d at 817. Under the Ninth Circuit standard, Endeca is entitled to intervene.

### 1.   **Endeca's Motion Is Timely**

To determine timeliness, the Ninth Circuit examines three factors: (1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the

5

reason for and length of the delay.  McGough v. Covington Technologies Co., 967 F.2d 1391, 1394 (9th Cir. 1992).  Here, Endeca moves to intervene less than a month after Wal-Mart answered the Complaint and prior to the Case Management Conference.  The Court has not yet adopted a schedule for this case, and the parties have only taken initial steps in the discovery process.  Thus, SpeedTrack will suffer no cognizable prejudice from the timing of Endeca's intervention.  Moreover, Endeca has acted promptly to join the litigation.  Under the relevant test, Endeca's motion for intervention is timely.

### 2. Endeca Has a Significant Interest in the Subject of this Litigation

Whether an applicant for intervention demonstrates sufficient interest in an action "is a practical threshold inquiry."  Southwest Center for Biological Diversity, 268 F.3d at 818.  "No specific legal or equitable interest need be established."  Id.  The "interest" test is "primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process."  Forest Conservation Council, 66 F.3d at 1496.

Endeca has a strong interest in the property that is the subject of this litigation because SpeedTrack has accused a feature of the Endeca search engine of infringement.  SpeedTrack's current claims against Wal-Mart are in effect claims against Endeca's product.  Indeed, several courts have allowed a company in Endeca's position to intervene to defend its interest in a patent infringement action against its customers.  See Honeywell Int'l Inc. v. Audiovox Communications Corp., 2005 WL 2465898, *4 (D. Del. May 18, 2005) ("[Movant] has a sufficient interest in the litigation; indeed, as a manufacturer of the product component which is at the heart of these cases, it has a compelling interest."); IBM v. Conner Peripherals, Inc., 1994 WL 706208, *5 (N.D. Cal. Dec. 13, 1994) ("To the extent Adaptec's products are implicated by IBM's infringement claims, Adaptec has a direct interest in the subject matter of the action.").

6

Endeca has far more than a vague economic interest in this litigation. Not only has Endeca's technology so far been the focus of SpeedTrack's infringement allegations against Wal-Mart, but Endeca has offered to defend Wal-Mart against allegations that Endeca's technology infringes the intellectual property rights of others. Therefore, Endeca clearly has a significant interest in the subject of this lawsuit.

### 3. Endeca's Ability To Protect Its Interests Will Be Impaired If It Cannot Intervene

The Ninth Circuit follows the Federal Rules of Civil Procedure Advisory Committee Notes, which state that "[i]f an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene." See Southwest Center for Biological Diversity, 268 F.3d at 822. In this case, if Endeca is not permitted to intervene and the Court finds that Wal-Mart's website, using Endeca's technology, infringes, Endeca's business will be adversely impacted, not only with respect to Wal-Mart, but with respect to Endeca's other customers. As the court in Honeywell observed, a company in Endeca's position "can rightly claim that its interests will be impaired or affected, as a practical matter, by the disposition of the action, unless it is involved in the case directly and able to make its positions known." Honeywell, 2005 WL 2465898, at *4.

### 4. The Defendants May Not Adequately Represent Endeca's Interests in Defending Against SpeedTrack's Infringement Allegations

Under Ninth Circuit law, all that Endeca must show is that the defendants' representation of Endeca's interests "may be" inadequate, and the burden of showing inadequate representation for the purpose of intervention is minimal. Sagebrush Rebellion, Inc. v. Watt, 713 F.3d 525, 528 (9th Cir. 1983). Endeca should be allowed to intervene because Wal-Mart cannot defend against the infringement allegations as vigorously as Endeca and because Endeca has unique interests that

7

Endeca's Notice of Motion, Motion to Intervene, and Memorandum of Points and Authorities
No. C06 7336 PJH

exceed the interests of the current defendants. Wal-Mart simply does not have the same depth of understanding of Endeca's complex search technology as does Endeca (and the other defendants have less, if any). Moreover, although Endeca and Wal-Mart share an interest in defending against SpeedTrack's allegations, the motivation to mount a vigorous defense is greater for Endeca. SpeedTrack may present Wal-Mart with a low settlement offer so that SpeedTrack can claim Wal-Mart as a licensee as part of its broad campaign against other Endeca customers. Thus, because Wal-Mart lacks Endeca's deep understanding of the technology, and because Wal-Mart may not represent Endeca's interests adequately, Endeca should be permitted to intervene as of right.

### B. Endeca Should Be Permitted To Intervene Pursuant to Federal Rule of Civil Procedure 24 (b)(2)

If the Court concludes that Endeca is not entitled to intervene as of right, the Court can and should grant Endeca's request for permissive intervention. See Fed. R. Civ. P. 24 (b)(2). Permissive intervention may be granted where the applicant demonstrates: (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) a common question of law or fact exists between the applicant's claim or defense and the main action. League of United Latin American Citizens v. Wilson, 131 F.3d 1297, 1308 (9th Cir. 1997). Endeca's request for intervention satisfies each of these requirements.

#### 1. There Is an Independent Ground for Jurisdiction

The Court has subject matter jurisdiction over Endeca's claims pursuant to 28 U.S.C. § 1331 and 1338 (a) because Endeca's claims present a federal question relating to patents, which arises under Title 35 of the United States Code. In addition, Endeca seeks to bring an action for declaratory judgment regarding a justiciable controversy over infringement by Endeca's product, the existence of which is established by SpeedTrack's claims against Wal-Mart and SpeedTrack's

8

letters expressly threatening litigation against other Endeca customers. See 28 U.S.C. §§ 1331, 1338 (a); 28 U.S.C. §§ 2201, 2202. In addition, the Court has personal jurisdiction over SpeedTrack by virtue of SpeedTrack's underlying Complaint in this Court.

### 2. Endeca's Motion Is Timely

As explained above, this case is in the preliminary stages, the addition of Endeca will not delay the proceedings, and Endeca has acted promptly to intervene. Therefore, Endeca's motion is timely.

### 3. There Are Common Questions of Law and Fact Between Endeca's Claims and the Underlying Litigation

Endeca's declaratory judgment complaint asserts that its technology used by Wal-Mart does not infringe the '360 Patent, and therefore concerns a legal question that is central to SpeedTrack's lawsuit. Moreover, the defendants are likely to defend against SpeedTrack's allegations by establishing that the claims of the '360 Patent are invalid, and Endeca's claim for a declaratory judgment of invalidity is likely to involve the same question of law regarding invalidity that will be addressed in the underlying action.

///
///
///
///
///
///
//
/

9

## IV. CONCLUSION

Endeca has a substantial and legally protectable interest in the outcome of this litigation – an interest that may not be adequately represented by the current defendants. Therefore, Endeca should be permitted to intervene as of right. Alternatively, Endeca should be allowed to intervene permissively. Based on the foregoing, Endeca respectfully requests permission to intervene and to file its Complaint in Intervention.

DATED: March 13, 2007

PROSKAUER ROSE LLP
STEVEN M. BAUER*
RICHARD B. MYRUS*
COLIN G. CABRAL*
JONATHAN E. RICH

/s/
Jonathan E. Rich

Attorneys for,
ENDECA TECHNOLOGIES, INC.

*(*Pro Hac Vice Application Forthcoming*)*

10

Endeca's Notice of Motion, Motion to Intervene, and Memorandum of Points and Authorities
No. C06 7336 PJH