...

...

United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SPEEDTRACK, INC.,

    Plaintiff,

    v.

WAL-MART STORES, INC.,

    Defendant.

_____/

SPEEDTRACK, INC.,

    Plaintiff,

    v.

OFFICE DEPOT, INC., et al.,

    Defendants.

_____/

No. C 06-7336 PJH
C 07-3602 PJH

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO BIFURCATE AND GRANTING MOTION TO STAY**

    Defendants' motions in the above cases came on for hearing before this court on October 3, 2007. Defendant Wal-Mart Stores, Inc. and intervenor Endeca Technologies, Inc. filed a motion to bifurcate in Speedtrack, Inc. v. Wal-Mart Stores, Inc. ("Speedtrack I"). Defendants Office Depot, Inc., CDW Corporation, Newegg.com, Circuit City Stores, Inc., PC Connection, Inc., and CompUSA, Inc. collectively filed a motion to stay the litigation in Speedtrack, Inc. v. Office Depot, Inc., et al. ("Speedtrack II"). Plaintiff Speedtrack and intervenor Endeca were represented in both actions by their counsel, Alan P. Block and Roderick G. Dorman. All defendants were represented by their counsel, Steven M. Bauer. Having carefully reviewed the parties' papers and considered the arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS the motion to bifurcate in part and DENIES the motion to bifurcate in part, and GRANTS the motion to

stay, for the reasons stated at the hearing, and summarized as follows.

1. With respect to <u>Speedtrack I</u>, defendant and intervenor's motion to bifurcate the case into liability and damages issues by party, with Endeca proceeding to trial on liability issues before Wal-Mart proceeds to trial on damages issues, is DENIED. However, bifurcation with respect to liability and damages issues generally, with each issue being litigated simultaneously against both defendant and intervenor, is GRANTED, up through and including dispositive motions. Liability shall be litigated first. Discovery shall be taken, followed by dispositive motions at the close of liability discovery. Once liability issues are resolved, damages discovery shall commence, followed by dispositive motions as to damages at the close of damages discovery. Each side shall be allowed <u>one</u> dispositive motion as to <u>each</u> phase of the case (i.e., liability and damages).

2. In view of the above, defendant Wal-Mart's request for a protective order with respect to pre-filing damages is DENIED as moot as this juncture.

3. With respect to <u>Speedtrack II</u>, defendants' motion to stay the litigation, pending resolution of <u>Speedtrack I</u>, is GRANTED. After trial and/or final resolution of <u>Speedtrack I</u>, the court will determine, with input from the parties, how the individual customer defendants are to be tried in <u>Speedtrack II</u>. Until then, <u>Speedtrack II</u> shall trail <u>Speedtrack I</u>. By separate order filed concurrently herewith, <u>Speedtrack II</u> is also referred for a settlement conference with Magistrate Judge Spero, to be held together with the settlement conference already scheduled in <u>Speedtrack I</u>. With the exception of the settlement conference, all other proceedings in <u>Speedtrack II</u> are stayed, including discovery.

**IT IS SO ORDERED.**

Dated: October 10, 2007

PHYLLIS J. HAMILTON
United States District Judge

2