Roderick G. Dorman (SBN 96908)
dormanr@hbdlawyers.com
Alan P. Block (SBN 143783)
blocka@hbdlawyers.com
Marc Morris (SBN 183728)
morrism@hbdlawyers.com
Kevin Shenkman (SBN 223315)
HENNIGAN, BENNETT & DORMAN LLP
dormanr@hbdlawyers.com
blocka@hbdlawyers.com
morrism@hbdlawyers.com
shenkmank@hbdlawyers.com
865 South Figueroa Street, Suite 2900
Los Angeles, California 90017
Telephone: (213) 694-1200
Facsimile: (213) 694-1234

Attorneys for Plaintiff, SPEEDTRACK, INC.

Roderick M. Thompson (SBN 96192)
Andrew Leibnitz (SBN 184723)
Stephanie P. Skaff (SBN 183119)
FARELLA BRAUN & MARTELL LLP
235 Montgomery St., 17th Floor
San Francisco, CA 94104
Telephone:  (415) 954-4400
Facsimile:  (415) 954-4480
rthompson@fbm.com
aleibnitz@fbm.com
sskaff@fbm.com

Attorneys for Defendant, WAL-MART
STORES, INC.

PROSKAUER ROSE LLP
Steven M. Bauer (admitted *pro hac vice*)
Colin G. Cabral (admitted *pro hac vice*)
One International Place
Boston, MA 02110
Telephone:  (617) 526-9600
sbauer@proskauer.com
ccabral@proskauer.com

Jonathan E. Rich (SBN 187386)
PROSKAUER ROSE LLP
2049 Century Park East,Suite 3200
Los Angeles, CA 90067-3206
Telephone:  (310) 557-2900
Facsimile:   (310) 557-2193
jrich@proskauer.com

Attorneys for Intervenor, ENDECA
TECHNOLOGIES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SPEEDTRACK, INC., | CASE NO. 06-CV-07336-PJH |
| Plaintiff, | |
| vs. | **REVISED, AMENDED AND RESTATED JOINT STIPULATED [~~PROPOSED~~] PROTECTIVE ORDER REGARDING THE TREATMENT OF CONFIDENTIAL INFORMATION** |
| WAL-MART STORES, INC., | |
| Defendant. | |

1   ENDECA TECHNOLOGIES, INC.,                )
                                              )
2                          Intervenor,        )
                                              )
3              vs.                            )
                                              )
4   SPEEDTRACK, INC.,                         )
                                              )
5                          Defendant in Intervention.)
                                              )
6   ─────────────────────────────────────────)

1    Whereas pretrial discovery in this action will necessarily involve the disclosure of trade

2    secrets or confidential research, development, product or commercial information by the

3    undersigned parties and by other non-parties from whom discovery may be sought; and

4    Whereas the undersigned parties wish to establish rules and procedures governing the

5    treatment of such information, and accordingly have conferred in good faith with respect to the

6    terms of this Protective Order pursuant to Fed. R. Civ. P. 26(c);

7    Whereas the Court issued a Notice on November 5, 2007, instructing the parties to remove

8    certain provisions from Paragraphs 12 and 24 and submit a revised, amended and restated joint

9    stipulated protective order;

10    IT IS HEREBY STIPULATED AND AGREED BY AND AMONG THE UNDERSIGNED

11    PARTIES AS FOLLOWS:

12    **1.    Scope Of Protection.**[1]

13    **1.1**    This Protective Order shall govern any record of information produced in this action

14    and designated pursuant to ¶ 2 and its subparts below, including all designated deposition testimony,

15    all designated testimony taken at a hearing or other proceeding, interrogatory answers, document,

16    and other discovery materials, whether produced informally or in response to interrogatories,

17    requests for admissions, requests for production of documents or any other formal method of

18    discovery.

19    **1.2**    This Protective Order shall also govern any designated record of information

20    produced in this action pursuant to disclosure requirements established by any federal procedural

21    rule or any Northern District of California local rule, and any supplementary disclosures thereto.

22    **1.3**    This Protective Order shall apply to the undersigned parties hereto and to any non-

23    party from whom discovery may be sought and who desires the protection of this Protective Order

24    (collectively herein referred to as a "party" or the "parties").

25

26    [1] A Joint Stipulated Proposed Protective Order was filed by the parties on September 24, 2007 and
entered by this Court the same day.  However, the original protective order did not address the

27    treatment of source code.  The parties have now come to an agreement concerning the treatment of
source code and hereby respectfully file this Revised, Amended and Restated Protective Order.

28

06-CV-07336-PJH    REVISED, AMENDED AND RESTATED JOINT STIPULATED [PROPOSED] PROTECTIVE ORDER

HENNIGAN, BENNETT & DORMAN LLP
LAWYERS
LOS ANGELES, CALIFORNIA

2.      **Designation.**

2.1     **CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER.**  Each party shall have the right to designate as restricted to review by those categories of individuals listed in ¶ 4.2 below, and subject to this Protective Order, any documents or information produced by it in this action that contain, reflect, or otherwise disclose confidential and nonpublic technical, personal, business, or financial information ("Confidential Information").  This designation shall be made by stamping or otherwise labeling each page or thing containing Confidential Information with the legend CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER prior to its production or, if inadvertently produced without such legend, by furnishing written notice to the receiving party that the information all be considered CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER.  The parties will use reasonable care to avoid designating any documents or information CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER that are generally available to the public.

2.2     **HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.**  Each party shall have the right to designate as restricted to review by those categories of individuals identified in ¶ 4.1 below, and subject to this Protective Order, any documents or information produced by it in this action which it reasonably and in good faith believes is so highly sensitive that its disclosure to persons other than those identified in ¶ 4.1 below could reasonably be expected to result in competitive injury to the producing party ("Highly Confidential Information").  Such information may include but is not limited to:  (a) current business/strategic plans; (b) sales, cost and price information including future sales/financial projections; (c) non-public marketing information including future marketing plans; (d) detailed sales and financial data that includes cost and profit information; (e) customer lists; (f) licensing, licensing policies, and licensing negotiations; and (g) other information of business, commercial, competitive, financial, marketing, sales or technical significance comparable to the items listed in this paragraph.  This designation shall be made by stamping or otherwise labeling each page or thing containing Highly Confidential Information with the legend HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY prior to its production or, if inadvertently produced without such legend, by furnishing written notice to the receiving party that the information shall be considered HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY

under this Protective Order.  Use of this highly restrictive designation is limited to information of the highest sensitivity.  The parties will use reasonable care to avoid designating any documents or information HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY for which the designating party does not have a good faith belief that the documents or information satisfy the criteria set forth in this paragraph.

**2.3     HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE COUNSEL ONLY.**
Each party shall have the right to designate as restricted to review by those categories of individuals identified in ¶ 4.3 below, and subject to this Protective Order, any computer source code (regardless of how generated, stored or maintained) and other information disclosing or directly related to computer source code which the designating party believes in good faith is so highly sensitive that its disclosure to persons other than those identified in ¶ 4.3 below could reasonably be expected to result in competitive injury to the producing party ("Highly Confidential Source Code").  This designation shall be made by stamping or otherwise labeling each page or thing containing Highly Confidential Source Code information with the legend HIGHLY CONFIDENTIAL SOURCE CODE –OUTSIDE COUNSEL ONLY prior to its production or, if inadvertently produced without such legend, by furnishing written notice to the receiving party that the information shall be considered Highly Confidential Source Code under this Protective Order.  Use of this highly restrictive designation is limited to information of the highest sensitivity.  The parties will use reasonable care to avoid designating any documents or information HIGHLY CONFIDENTIAL SOURCE CODE-OUTSIDE COUNSEL ONLY for which the designating party does not have a good faith belief that the documents or information satisfy the criteria set forth in this ¶ 2.3.

**2.4**     To the extent that any party has, prior to the date that this Protective Order is entered, produced to the other side materials that the producing party has marked with any confidentiality designation, all such materials shall be considered to have been designated under this Protective Order as HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY unless otherwise agreed by the parties.

**3.      Limit On Use And Disclosure Of Designated Information.**

**3.1**      Each party and all persons bound by the terms of this Protective Order shall use any information or document governed by this Protective Order only in connection with the prosecution or defense of this action, except by consent of the parties or order of the Court.  No party or other person shall disclose or release to any person not authorized under this Protective Order any information or document governed by this Protective Order for any purpose, or to any person authorized under this Protective Order for any purpose other than in connection with the prosecution or defense of this action.

**3.2**      It is understood, however, that counsel for a party may give advice and opinions to his or her client based on his or her evaluation of confidential information designated under this Protective Order and received by the party, provided that such rendering of advice and opinions shall not reveal the content of such information except by prior written agreement with counsel for the producing party.

**3.3**      The attorneys of record for the parties and other persons receiving information governed by this Protective Order shall exercise reasonable care to ensure that the information and documents governed by this Protective Order are:  (a) used only for the purposes specified herein, and (b) disclosed only to authorized persons.

**4.      Disclosure Of Protected Information.**

**4.1      Disclosure Of HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY Material.**  Documents or information designated HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY shall be disclosed by the recipient thereof only to:

(a)      the attorneys employed by the following law firms of record for the parties, and their authorized secretarial, clerical and legal assistant staff:  Hennigan, Bennett & Dorman, LLP; Farella Braun & Martell LLP; and Proskauer Rose LLP (collectively, "Outside Counsel");

(b)      the Court and Court personnel, as provided in ¶ 13 below;

(c)      consultants or experts and their staffs retained by the parties or their attorneys for purposes of this action, who are agreed upon by the parties pursuant to ¶ 8 below, who are not employees or otherwise affiliated with any of the parties, and who first agree to be bound by the

terms of this Protective Order by executing Exhibit A to this Protective Order;

(d)     court reporters and videographers employed in connection with this action;

(e)     outside copying and computer services necessary for document handling and other litigation support personnel (e.g., graphic designers and animators);

(f)     witnesses deposed in this action under the following circumstances:  (1) any witness may be shown HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material in situations where the witness is identified as the originator, signatory, author, addressee, or recipient; (2) the witness is a current or former officer, director or employee of the designating party; or (3) the witness was selected by the designating party to provide testimony pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure;

(g)     any other person agreed to in writing by the designating party or allowed through Court order.

**4.2     Disclosure Of CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER Material.**  Documents or information designated CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER shall be disclosed by the recipient thereof only to:

(a)     the receiving party's Outside Counsel in this action, including their authorized secretarial, clerical and legal assistant staff;

(b)     persons entitled access to HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY information pursuant to ¶ 4.1 above; and

(c)     up to three (3) additional designated employees ("Designated Employees") for each of the parties, to whom disclosure is reasonably necessary for this litigation, who is identified below and has executed Exhibit A to this Protective Order.  Those Designated Employees are as follows:

John Kelleher, Milan Merhar, and Fritz Knabe for Endeca Technologies, Inc.

Linsey Morrison and Michael C. Li for Wal-Mart Stores, Inc.

Miles Yano and Jerzy Lewak for SpeedTrack, Inc.

SpeedTrack and Wal-Mart may each identify a Third Designated Employee at a later date with at least 10 days notice to all parties.  In the event a Designated Employee identified above is no

-5-

1   longer available to the receiving party, a receiving party, may, with ten days notice to all parties,

2   identify another Designated Employee entitled to receive information designated as

3   CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER.

4        **4.3    Disclosure Of HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE**

5   **COUNSEL ONLY Material.**  Documents or information designated HIGHLY CONFIDENTIAL

6   SOURCE CODE – OUTSIDE COUNSEL ONLY shall be disclosed by the recipient thereof only to:

7            (a)    The receiving party's Outside Counsel in this action, including Outside

8   Counsel's authorized secretarial, clerical and legal assistant staff;

9            (b)    the Court and Court personnel, as provided in ¶ 13 below;

10           (c)    No more than two (2) consultants or experts and their staffs retained by each

11  of the parties or their attorneys for purposes of this action, who are agreed upon by the parties

12  pursuant to ¶ 8 below, who are not employees or otherwise affiliated with any of the parties, and

13  who first agree to be bound by the terms of this Protective Order by executing Exhibit A to this

14  Protective Order;

15           (d)    court reporters and videographers employed in connection with this action;

16           (e)    outside copying services with the consent of the designating party, to be

17  granted on a case-by-case basis, such consent not to be unreasonably withheld or delayed;

18           (f)    witnesses deposed in this action under the following circumstances:  (1) any

19  witness may be shown HIGHLY CONFIDENTIAL SOURCE CODE-OUTSIDE COUNSEL ONLY

20  material in situations where the witness is identified as the originator, signatory, author, addressee,

21  or recipient; (2) the witness is a current or former officer, director or employee of the designating

22  party; or (3) the witness was selected by the designating party to provide testimony pursuant to Rule

23  30(b)(6) of the Federal Rules of Civil Procedure.  Persons authorized to view HIGHLY

24  CONFIDENTIAL SOURCE CODE-OUTSIDE COUNSEL ONLY material under this paragraph

25  shall not retain or be given copies of the HIGHLY CONFIDENTIAL SOURCE CODE-OUTSIDE

26  COUNSEL ONLY except to the extent such person must review the source code designated under

27  this Protective Order during a deposition or when otherwise providing testimony.

28           (g)    any other person agreed to in writing by the designating party or allowed

-6-

through Court order.

**5.**     **Special Procedures For Handling Source Code Productions.**

**5.1**     For purposes of this Protective Order, the term "source code" shall include human and machine readable program codes as well as object and executable code and software.

**5.2**     Given the particularly sensitive nature of source code, additional protections for source code are warranted.  In addition to all other restrictions and protections, the following additional restrictions and protections shall govern source code designated as HIGHLY CONFIDENTIAL SOURCE CODE-OUTSIDE COUNSEL ONLY:

(a)     only those persons qualified to receive HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE COUNSEL ONLY material under ¶ 4.3 (a) - 4.3(g) above shall be permitted access to source code disclosures;

(b)     the producing party shall make source code disclosures available for review on a host computer at the following locations:  if the producing party is Wal-Mart Stores or Endeca Technologies, Inc., the source code disclosures shall be made available at the office of Proskauer Rose, LLP, located at 2029 Century Park East, Suite 3200, Los Angeles, California, 90067; if the producing party is Speedtrack, Inc., the source code disclosures shall be made available at the office of Hennigan, Bennett & Dorman, LLP, located at 865 S. Figueroa St., Suite 2900, Los Angeles, California, 90017;

(c)     the host computer shall be made available during normal business hours, 9 am to 5 pm local time, Monday through Friday (excluding holidays), and other days and/or times upon reasonable request;

(d)     counsel for the discovering party that requests a review of source code must give at least 2 (two) business days notice to counsel for the producing party that it will be sending specified individuals authorized under ¶¶ 4.3(a), (c) and (g) above to review the source code made available on the host computer;

(e)     the host computer shall be equipped to store print requests in a print folder and shall also be connected to a printer. The discovering party may make reasonable requests for paper copies of desired portions of the source code by placing corresponding print requests in the

1   print folder.  In this event, the producing party shall print the requested paper copies, apply Bates

2   production numbers to them, designate each page as HIGHLY CONFIDENTIAL SOURCE CODE

3   – OUTSIDE COUNSEL ONLY and provide the copies to the discovering party by the conclusion of

4   the daily review session or as soon thereafter as is reasonably practicable;

5         (f)   in no event is the discovering party entitled to receive from the producing

6   party electronic copies of desired portions of the disclosed source code; furthermore no electronic

7   copies of any portion of source code may be made;

8         (g)   counsel for the discovering party may make limited paper copies of excerpts

9   of HIGHLY CONFIDENTIAL SOURCE CODE-OUTSIDE COUNSEL ONLY material, such

10  paper copies to be used as an exhibit to testimony, motion, expert report or disclosure, or otherwise

11  as reasonably necessary in connection with the litigation, but only if and to the extent believed in

12  good faith to be necessary.  Any paper copies of source code, if filed with the Court, shall be filed

13  under seal pursuant to ¶ 13;

14        (h)   use of physical copies containing HIGHLY CONFIDENTIAL SOURCE

15  CODE – OUTSIDE COUNSEL ONLY material for depositions, motions and trial shall only occur

16  in a manner that assures disclosure of such information only to those permitted access to it under

17  this Protective Order and only on a need-to-know and relevancy basis.  Court reporters and/or

18  videographers shall not retain copies of any HIGHLY CONFIDENTIAL SOURCE CODE-

19  OUTSIDE COUNSEL ONLY material;

20        (i)   counsel for the discovering party shall keep a log of the working paper copies

21  of the source code, when the copies were made, to whom they were provided, and when they were

22  provided.  At the final conclusion of the litigation, the receiving party's designated and identified

23  expert(s) under ¶ 4.3(c) above must certify in writing that all copies of the source code were

24  returned to the counsel that provided the information.  Furthermore, counsel for the discovering

25  party must provide to counsel for the producing party the log and all paper copies of the source code

26  in possession of counsel, with the exception of any documents retained in accordance with ¶ 22;

27        (j)   subject to the restrictions of this Protective Order, counsel for the receiving

28  party and the designated and identified expert(s) who are allowed access to source code designated

as HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE COUNSEL ONLY under this Protective Order agree that the text of the source code or portions of the code itself shall not be disclosed to any other person at any time other than otherwise provided under this Protective Order and the information gained from access to or review of the source code shall not be used for any purpose or reasons other than for the purposes of this litigation.

**6.    Additional Restrictions.**

**6.1**    Documents or information designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER, HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL SOURCE CODE-OUTSIDE COUNSEL ONLY information (collectively, "Protected Information") shall be disclosed by the recipient thereof only to those appropriate categories of individuals listed in ¶ 4 and its subparts above, subject to the restrictions therein. Additionally, the attorneys at Outside Counsel defined above shall not be provided access to material designated either HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL SOURCE CODE-OUTSIDE COUNSEL ONLY if such attorneys currently participate in, direct, or supervise any patent prosecution activity involving technology relating to website search engines or methods for accessing files in a data storage system of a computer system (the "Subject Matter").  During the pendency of this litigation, and for one year after the full and final conclusion of this litigation, including all appeals, those attorneys at Outside Counsel who are provided access to material designated as HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY and/or HIGHLY CONFIDENTIAL SOURCE CODE-OUTSIDE COUNSEL ONLY will not participate in, direct or supervise any patent prosecution activity in the United States Patent and Trademark Office or with any patent office outside the United States involving the Subject Matter.

**6.2**    If Protected Information initially produced pursuant to this Protective Order is disclosed to any person(s) other than in the manner authorized hereunder, the party responsible for the unauthorized disclosure shall immediately bring all pertinent facts related to such unauthorized disclosure to the attention of counsel of record for the initial producing party and, without prejudice to other rights and remedies of the initial producing party, shall make all reasonable efforts to

1   retrieve the information and to prevent any further disclosure thereof by the person(s) who received

2   such information on an unauthorized basis.

3       **7.      Redaction.**

4       Counsel for a party producing documents may mask (i.e., "redact") material deemed exempt

5   from discovery because it is protected from disclosure under the attorney-client privilege or work

6   product immunity afforded by Rule 26(b), Fed. R. Civ. P.  However, any document from which

7   material is masked must identify in the masked area that masking or redaction has occurred.  The

8   reason for any such masking must be stated on a privilege log to be provided in accordance with any

9   governing rules or agreements.  Sufficient information regarding the masked material must be

10  provided on the privilege log to enable the other party to evaluate the legitimacy of the asserted

11  privilege or immunity.  The parties reserve the right to pursue categories for redaction in addition to

12  those identified above in this paragraph, by either consent of the parties or order of the Court, to be

13  addressed on a case-by-case basis.

14      **8.      Disclosure To Independent Consultants And Identification of Experts.**

15      **8.1**     If any party desires to disclose Protected Information to any expert or consultant

16  pursuant to ¶ 4 and its subparts above, it must first identify in writing to the attorneys for the

17  producing party each such expert or consultant.  The attorney for the producing party shall have ten

18  (10) business days from receipt of such notice to object to disclosure of such information to any of

19  the experts or consultants so identified.  If no objection is made within the allotted time frame, such

20  expert or consultant is deemed entitled to receive the designating party's Protected Information.

21      **8.2**     Such identification shall include: (i) the full name, professional title and professional

22  address and/or affiliation of the proposed expert or consultant; (ii) an up-to-date curriculum vitae

23  identifying at least all other present and prior employments or consultancies of the expert or

24  consultant; (iii) a list of the cases in which the expert or consultant has testified at a deposition or at

25  trial within the last four years; and (iv) an executed copy of Exhibit A of this Protective Order.  The

26  parties shall attempt to resolve any objections informally.  If the objections cannot be resolved, the

27  party seeking to disclose the Protected Information to the expert or consultant may move the Court

28  for an order allowing the disclosure.  On any motion seeking the disclosure of such information to

an expert or consultant, the burden of proof shall lie with the party objecting to the disclosure to establish that the information should not be disclosed to the expert or consultant.  In the event objections are made and not resolved informally, disclosure of information to the expert or consultant shall not be made except by order of the Court (or to any limited extent upon which the parties may agree).

**9.    Agreement Of Confidentiality.**

**9.1**    In no event shall any Protected Information be disclosed to any person otherwise authorized pursuant to ¶ 4.1 (c ) or ¶ 4.2 (c) unless and until such a person has first executed a written Agreement to Protect Confidentiality (in the form set forth in Exhibit A hereto) acknowledging and agreeing to be bound by the terms of this Protective Order.  Executed copies of such Agreement to Protect Confidentiality shall be promptly served on the producing party.

**10.    Related Documents.**

**10.1**    Protected Information shall include:  (a) all documents, copies, extracts, and complete or partial summaries prepared from or containing such information; (b) portions of deposition transcripts and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries; (c) portions of briefs, memoranda or any other papers filed with the Court and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries; (d) deposition testimony designated in accordance with ¶ 11 and its subparts below; and (e) testimony taken at a hearing or other proceeding that is designated in accordance with ¶ 12 below.

**10.2**    With the exception of source code subject to ¶ 5 and its subparts above, nothing herein shall restrict a qualified recipient from making working copies, abstracts, digests or analyses of Protected Information for use in connection with this litigation, and such working copies, abstracts, digests and analyses shall be deemed to have the same level of protection under the terms of this Protective Order.  Further, with the exception of source code subject to ¶ 5 and its subparts above, nothing herein shall restrict a qualified recipient from converting or translating such Protected Information into machine-readable form for incorporation into a data retrieval system used

1   in connection with this litigation, provided that access to such information, in whatever form stored

2   or reproduced, shall be limited to qualified recipients.

3   **11.   Designation Of Deposition Transcripts.**

4   **11.1**   Deposition transcripts, or portions thereof, may be designated as subject to this

Protective Order either:  (a) at the time of such deposition, in which case the transcript of the

5

6   designated testimony shall be marked by the reporter with the appropriate legend (see ¶ 2 and its

7   subparts) as the designating party may direct, or (b) within twenty-one (21) days following the

8   receipt of the transcript of the deposition by providing written notice to the reporter and all counsel

9   of record, in which case all counsel receiving such notice shall mark the copies or portions of the

10  designated transcript in their possession or under their control as directed by the designating party.

11  **11.2**   All deposition transcripts not previously designated shall be deemed to be, and shall

12  be treated as, HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY until the expiration of the

13  period set forth in ¶ 11.1 above, and neither the transcript nor the content of the testimony shall be

14  disclosed by a non-designating party to persons other than those persons named or approved

15  according to ¶ 4 and its subparts above.  The designating party shall have the right to exclude from a

16  deposition, before the taking of testimony which the designating party designates as Protected

17  Information and subject to this Protective Order, all persons other than those persons previously

18  qualified to receive such information pursuant to ¶ 4 and its subparts above.  The failure of such

19  persons to leave a deposition whenever such a request is made under this paragraph shall justify

20  counsel in instructing the witness that he or she shall not answer any question that counsel

21  reasonably believes will elicit the disclosure of Protected Information.

22  **12.   Designation Of Hearing Testimony Or Argument.**

23  With respect to testimony elicited during hearings and other proceedings, whenever counsel

24  for any party deems that any question or line of questioning calls for the disclosure of Protected

25  Information, counsel may designate on the record prior to such disclosure that the disclosure is

26  subject to confidentiality restrictions.

27  **13.   Designation And Use Of Documents Under Seal.**

28  With respect to the filing of documents containing Protected Information with the Court, the

-12-

parties shall comply with Civil L.R. 79-5 and the Court's Standing Order for Cases Involving Sealed or Confidential Documents.

**14.    Confidentiality Of Party's Own Documents.**

No person may disclose, in public or private, any designated information of another party except as provided for in this Protective Order, but nothing herein shall affect the right of the designating party to disclose to its officers, directors, employees, attorneys, consultants or experts, or to any other person, its own information or Protected Information, irrespective of whether such information has been filed under seal by the opposing party.  Such disclosure shall not waive the protections of this Protective Order and shall not entitle other parties or their attorneys to disclose such information in violation of it, unless by such disclosure of the designating party the information becomes public knowledge (see ¶ 17 below).

**15.    Other Protections.**

**15.1**    No person shall use any Protected Information, or information derived therefrom, for purposes other than the prosecution or defense of this action, including without limitation, for purposes of preparing, filing, or prosecuting any patent application, continuation or divisional patent application, reissue patent application, or request for re-examination.

**15.2**    Any party may mark any document or thing containing Protected Information as an exhibit to a deposition, hearing, or other proceeding and examine any witness thereon qualified under the terms of this Protective Order to have access to such designated material.

**16.    Challenge To Confidentiality.**

**16.1**    This Protective Order shall not preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of documents or other discovery materials as that party may consider appropriate.  Nor shall any party be precluded from: (a) claiming that any matter designated hereunder is not entitled to the protections of this Protective Order, (b) applying to the Court for an Order permitting the disclosure or use of information or documents otherwise prohibited by this Protective Order, or (c) applying for a further Order modifying this Protective Order in any respect.  No party shall be obligated to challenge the

propriety of any designation and failure to do so shall not preclude a subsequent challenge to the propriety of such designation.

**16.2**    If a party seeks declassification or removal of particular items from a designation on the ground that such designation is not necessary to protect the interests of the party seeking the designated information, the following procedure shall be utilized:

(a)    The party seeking such declassification or removal shall give counsel of record for the other party written notice thereof specifying the designated information as to which such removal is sought and the reasons for the request;

(b)    The designating party shall have 15 days from the receipt of such notice to withdraw its designation or provide the reasons it believes the designation is appropriate and the parties shall thereafter meet and confer in an attempt to resolve any remaining dispute;

(c)    If, after conferring, the parties cannot reach agreement concerning the matter, then the party requesting the declassification or removal of particular items may file and serve a motion for a further Order of this Court directing that the designation shall be so removed.

On any motion challenging the designation of any information, the burden of proof shall lie with the designating party to establish that the information is, in fact, Protected Information.

**17.    Prior Or Public Knowledge.**

This Protective Order shall not apply to information that, prior to disclosure, is public knowledge, and the restrictions contained in this Protective Order shall not apply to information that is, or after disclosure becomes, public knowledge other than by an act or omission of the party to whom such disclosure is made, or that is legitimately and independently acquired from a source not subject to this Protective Order.

**18.    Limitation Of Protective Order.**

This Protective Order is not intended to address discovery objections on the grounds of attorney-client privilege or work product doctrine, or to preclude any party from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure.

**19.    Other Proceedings.**

By entering this Protective Order and limiting the disclosure of information in this action, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party covered by this Order who may be subjected to a subpoena or other judicial process calling for disclosure of a designating party's Protected Information in another case shall: 1) object to the production of such Protected Information on the ground of this Protective Order; and 2) provide prompt written notice to the producing party within five (5) business days of receiving the subpoena.  Unless within 30 days of service of such notification, the producing party applies for an order from a court of competent jurisdiction precluding the receiving party from complying with such subpoena, the receiving party shall be free to produce the Protected Information.  If the producing party applies for such an order, then the disclosure of the information shall not occur until the court rules on such an order or until the receiving party is directed by a court of competent jurisdiction to produce the subject materials.

**20.    Inadvertent Or Unintentional Disclosure Of Work Product Or Privileged Information: Procedure And Waiver.**

**20.1    Inadvertent Disclosure.**  If the producing party at any time notifies the receiving party in writing that it has inadvertently produced documents and/or things that are protected from disclosure under attorney-client privilege, work-product immunity, and/or any other applicable privilege or immunity from disclosure, the receiving party shall return all copies of such documents and/or things to the producing party within five (5) business days of receipt of such notice and shall not further disclose or use such items for any purpose until further order of the Court.  Upon being notified by the producing party pursuant to this section, counsel for the receiving party shall use his or her best efforts to retrieve all copies of the documents at issue.

**20.2**    The return of any discovery item to the producing party shall not in any way preclude the discovering parties from moving the Court for a ruling that:  (a) the document or thing was never privileged or otherwise immune from disclosure; and/or (b) that any applicable privilege or immunity has been waived.

**20.3    Unauthorized Disclosure.**  If a receiving party learns that it has disclosed Protected Information to any person or in any circumstance not authorized under this Protective Order, the receiving party must: (i) immediately notify in the writing the designating party of the unauthorized disclosures; (ii) use its best efforts to retrieve all copies of the Protected Information; (iii) inform the persons or person to whom unauthorized disclosures were made of all the terms of this Protective Order and (iv) request such person or persons execute the Agreement to Protect Confidential Information attached hereto as Exhibit A.  Nothing stated herein shall prevent the designating party from seeking appropriate relief for violation of this Protective Order.

**20.4    Status Of Protected Information.**  Unauthorized or inadvertent disclosure does not change the status of Protected Information.  Inadvertent or unintentional disclosure of information subject to any privilege or immunity during the course of this litigation without proper designation shall not be deemed a waiver of a claim that disclosed information is in fact subject to a privilege or immunity if so designated within ten (10) business days after the producing party actually learns of the inadvertent or unintentional disclosure.

**21.    Non-Party Material.**

**21.1**    The terms of this Protective Order, as well as the terms of any other protective order that may be entered into between a receiving party and a non-party for the production of information to the receiving party, are applicable to Protected Information provided by a non-party.  Information provided by a non-party in connection with this action and designated as Protected Information pursuant to the terms of this Protective Order shall be protected by the remedies and relief provided by this Protective Order.  At the time discovery is requested of any non-party, the receiving party's counsel of record shall provide to the non-party a copy of this Order.  In addition, counsel for the receiving party shall ensure that copies of any documents or other materials produced by any non-party are promptly provided to outside counsel of record for all parties in this action.

**21.2**    If discovery calls for the production of information subject to a confidentiality or non-disclosure agreement between the producing party and a non-party, the producing party shall give notice within fourteen (14) days to the non-party that such information is subject to discovery in this action, and shall provide the non-party with a copy of this Protective Order.  If the non-party

-16-

1    either does not respond or refuses to consent to disclosure of the requested information, the burden

2    shall be on the producing party to seek relief from the appropriate court that will allow for disclosure

3    to be made.

4              **22.      Return Of Designated Information.**

5              Within thirty (30) days of final termination of this action, unless otherwise agreed to in

6    writing by an attorney of record for the designating party, each party shall assemble and return, or

7    certify destruction of, all materials containing information of another party designated as Protected

8    Information, including all copies, extracts and summaries thereof, to the party from whom the

9    designated material was obtained, except that:  (a) any documents or copies which contain,

10   constitute or reflect attorney's work product or attorney-client privilege communications, and (b)

11   archive copies of pleadings, motion papers, deposition transcripts, correspondence and written

12   discovery responses may be retained by counsel.

13             **23.      Waiver Or Termination Of Order.**

14             No part of the restrictions imposed by this Protective Order may be waived or terminated,

15   except by written stipulation executed by counsel of record for each designating party, or by an

16   order of the Court for good cause shown.

17             **24.      Modification Of Order; Prior Agreements.**

18             This Protective Order may be modified, and any matter related to it may be resolved, by

19   written stipulation of the parties without further order of the Court.  To the extent the terms of this

20   Protective Order conflict with any agreement among the parties regarding the confidentiality of

21   particular documents or information entered into before the date of this Protective Order, the terms

22   of this Protective Order shall govern.

23             **25.      Section Captions.**

24             The title captions for each section of this Protective Order are for convenience only and are

25   not intended to affect or alter the text of the sections or the substance of the Order.

26

27

28

1    DATED:  December 5, 2007                    HENNIGAN BENNETT & DORMAN LLP

2

3                                                By:  /s/ Alan P. Block
4                                                     Alan P. Block
                                                 Attorneys for Plaintiff SPEEDTRACK, INC.
5

6    DATED:  December 5,  2007                   PROSKAUER ROSE LLP

7

8                                                By:  /s/ Steven M. Bauer
                                                      Steven M. Bauer
9
                                                 Attorneys for Defendants ENDECA
10                                               TECHNOLOGIES, INC. and WAL-MART
                                                 STORES
11

12

13   DATED:  December 5, 2007                    FARELLA BRAUN & MARTEL LLP

14

15                                               By:  /s/ Andrew Leibnitz
                                                      Andrew Leibnitz
16                                               Attorneys for Defendants WAL-MART
                                                 STORES
17

18                              **ORDER**

19        So Ordered this _____ 7th _____ day of _____ December _____, 2007.

20

21

22                                               United S_____

23

24                                               Judge Phyllis J. Hamilton

25

26

27

28
                                        -18-
     06-CV-07336-PJH    REVISED, AMENDED AND RESTATED JOINT STIPULATED [PROPOSED] PROTECTIVE ORDER

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**DECLARATION PURSUANT TO**

**GENERAL ORDER NO. 45, XB – ELECTRONIC CASE FILING**

The undersigned hereby attests that he/she has obtained the concurrence in the filing of this document from each signatory whose ECF User ID and Password is not utilized in the electronic filing of this document.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____/s/ Alan P. Block_____

**EXHIBIT "A"**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| SPEEDTRACK, INC., | ) | CASE NO. 06-CV-07336-PJH |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **AGREEMENT TO PROTECT** |
| WAL-MART STORES, INC., | ) | **CONFIDENTIAL INFORMATION** |
| Defendant. | ) | |
| | ) | |
| ENDECA TECHNOLOGIES, INC., | ) | |
| Intervenor, | ) | |
| vs. | ) | |
| SPEEDTRACK, INC., | ) | |
| Defendant in Intervention. | ) | |

My name is _____. My home address is

_____. I am

employed as (state position) _____ at (state name and address of

employer) _____

_____.

    1.    I have read the Protective Order and a copy of it has been given to me.  I understand the provisions of this Order, and agree to comply with and to be bound by its provisions.  I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Protective Order.

2.    I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for adjudication of any dispute regarding my compliance with the terms of this Protective Order.

3.    I hereby appoint _____ of

_____

_____as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

I declare under penalty of perjury under the law of the United States of America that the foregoing is true and correct.

Executed this _____ day of _____, _____, at _____, _____ [City and State where sworn and signed].

_____
[Signature]

1

**PROOF OF SERVICE**

2

3

STATE OF CALIFORNIA,                    )
                                        )  SS.
COUNTY OF LOS ANGELES                   )

4

5

  I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and not a party to the within action; my business address is 865 South Figueroa Street, Suite 2900, Los Angeles, California  90017.

6

7

  On **December 5, 2007,** I served a copy of the within document(s) described as follows: **REVISED, AMENDED AND RESTATED JOINT STIPULATED [PROPOSED] PROTECTIVE ORDER REGARDING THE TREATMENT OF CONFIDENTIAL INFORMATION** on the interested parties in this action by transmitting via United States District Court for the Northern District of California Electronic Case Filing Program the document listed above by uploading the electronic files for each of the above listed document(s) on this date, addressed as set forth on the attached service list.

8

9

10

11

**PLEASE SEE ATTACHED LIST**

12

13

  The above-described document was also transmitted to the parties indicated below, by Federal Express only:

14

15

Chambers of the Honorable Phyllis J. Hamilton
USDC, San Francisco Division
Attn:  Regarding SpeedTrack Litigation
450 Golden Gate Avenue
San Francisco, CA  94102-3483
*3 copies*

16

17

18

19

  I am readily familiar with Hennigan, Bennett & Dorman LLP's practice in its Los Angeles office for the collection and processing of federal express with Federal Express.

20

  Executed on **December 5, 2007**, at Los Angeles, California.

21

  I declare that I am employed in the office of a member of this bar of this court at whose direction the service was made.

22

23

24

          /s/ Yoshie Botta
            Yoshie Botta

25

26

27

28

1

**SERVICE LIST**

2

| | |
|---|---|
| Roderick M. Thompson (rthompson@fbm.com)<br>Andrew Leibnitz (aleibnitz@fbm.com)<br>Stephanie P. Skaff (sskaff@fbm.com)<br>Cory M. Mason (cmason@fbm.com)<br>FARELLA BRAUN & MARTEL LLP<br>235 Montgomery Street, 17th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 954-4400<br>Facsimile: (415) 954-4480 | Attorneys for Defendant and<br>Counterclaimant,<br>WAL-MART STORES, INC. |
| Steven M. Bauer (sbauer@proskauer.com)<br>Richard B. Myrus (rmyrus@proskauer.com)<br>Colin G. Cabral (ccabral@proskauer.com)<br>PROSKAUER ROSE LLP<br>One International Place, 22nd Floor<br>Boston, MA 02110<br>Telephone: (617) 526-9700<br>Facsimile: (617) 526-9899 | Attorneys for ENDECA<br>TECHNOLOGIES, INC.,<br>Complainant-in-Intervention |
| Jonathan E. Rich (jrich@proskauer.com)<br>PROSKAUER ROSE, LLP<br>2049 Century Park East, Suite 3200<br>Los Angeles, CA 90067-3206<br>Telephone: (310) 557-2900<br>Facsimile: (310) 557-2193 | Attorneys for ENDECA<br>TECHNOLOGIES, INC.,<br>Complainant-in-Intervention |

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-23-