UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPEEDTRACK INC., | ) |
| Plaintiff(s), | )  No. C 06-7336 PJH (BZ) |
| v. | ) |
| WAL-MART.COM USA,LLC, et al., | )  **ORDER DENYING MOTION TO** |
| Defendant(s). | )  **COMPEL INTERROGATORY ANSWERS** |
| ENDECA TECHNOLOGIES INC., | ) |
| Intervenor, | ) |
| v. | ) |
| SPEEDTRACK INC., et al. | ) |
| Defendant in Intervention. | ) |

On July 11, 2008, Endeca Technologies, Inc. served four contention interrogatories on SpeedTrack, Inc. asking for the factual bases of certain of SpeedTrack's affirmative defenses. On August 11, 2008, SpeedTrack filed objections to the four interrogatories, on the principal grounds that they were untimely under the Local Rules and Judge Hamilton's scheduling

1

order. SpeedTrack argued that fact discovery was cut off August 8, 2008, and since Endeca had served its interrogatories so that the responses were not due until August 11, 2008, the interrogatories were untimely.

Endeca has now moved to compel SpeedTrack to answer these interrogatories. Endeca does not dispute that they were filed at least one day late. Endeca offers no adequate explanation for why it waited so long to file these contention interrogatories. The only explanation proffered is that the parties agreed that other discovery would be provided by August 11, 2008. Endeca never explains why it did not reach a similar agreement as to this discovery or why it waited to file what appear to be routine contention interrogatories until after it reached that agreement. Is Endeca suggesting that if the other agreement had not been reached, these interrogatories would not have been filed?

Nor does Endeca offer any explanation for why it did not move for an order shortening time to require SpeedTrack to answer the interrogatories before the discovery cut off or why it did not move to extend the discovery cutoff by at least one day.[1] Instead, Endeca argues that SpeedTrack has not shown any prejudice if it answers the late discovery. However, since Endeca has not shown good cause for getting late discovery, the absence of prejudice to SpeedTrack does not help Endeca. Lory v. General Elec. Co., 179 F.R.D. 86, 89

---

[1] See Schwarzer, et al. California Practice Guide, Federal Civil Procedure Before Trial, ¶¶ 11:578.5, 579, explaining the alternatives a party has for obtaining relief from a discovery cut off.

(N.D.N.Y. 1998). Endeca also argues that the court should use its discretion to bail it out, relying on mostly bankruptcy cases that recognize the discretion of a bankruptcy court to excuse a party's failure to comply with Local Rules or scheduling requirements.[2] See <u>nVidia Corp. V. U.S. Bankruptcy Court for Northern District of California</u>, 2006 WL 3734297 (N.D. Cal.) and cases cited at *5.

SpeedTrack's opposition highlights the fact that Endeca took none of the available routes to get relief from its late filing and has provided no good cause for its conduct. I agree. The issue is not whether the court has the discretion to alter the scheduling requirements but rather whether Endeca has followed the proper procedures in asking the court to exercise its discretion and has shown good cause for doing so. Because it has done neither, Endeca's motion to compel is **DENIED**.[3]

Dated: October 15, 2008

Bernard Zimmerman
United States Magistrate Judge

bzall\-Refs\Speedtrack v. Wal-Mart\Order Denying Motion To Compel Interrogatory Answers.Tentative.Rule.Final.wpd

---

[2] Nor is this a case in which a party failed to participate in a Rule 16 conference in good faith, as in the other case on which Endeca relies, <u>Kingsley Group, Inc. v. Kellogg USA, Inc.</u>, 2002 WL 32100264 (N.Dist. Ill.)

[3] In its reply, Endeca argues that because Judge Hamilton has continued the trial and certain discovery deadlines, this deadline should be overlooked. Unfortunately for Endeca, it appears that Judge Hamilton has bifurcated issues of liability from damages and has only extended discovery on the damages phase of the case. Nothing in Judge Hamilton's order or the stipulation the parties reached following her order suggests that liability discovery has been reopened. Obviously Endeca had an opportunity to extend liability discovery and did not.

3