Volume 1

Pages 1 - 13

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE PHYLLIS J. HAMILTON

| | |
|---|---|
| SPEEDTRACK, INC.,            )<br>                              )<br>          Plaintiff,         )<br>                              )<br>  vs.                         )<br>                              )<br>WAL-MART STORES, ET AL.,      )<br>                              )<br>          Defendants.         )<br>                              )<br>_____) | NO. C 06-7336-PJH<br><br>San Francisco, California<br>Wednesday<br>October 29, 2008<br>10:26 a.m. |

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES**:

**For Plaintiff**:         Hennigan, Bennett & Dorman, LLP
                           865 South Figueroa Street, Suite 2900
                           Los Angeles, CA  90017
                           (213) 694-1031
                           (213) 694-1234 (fax)
                     **BY: OMER SALIK**

**For Defendant**:         Farella, Braun & Martel, LLP
                           Russ Building
                           235 Montgomery Street, 17th Floor
                           San Francisco, CA  94104
                           (415) 954-4400
                           (415) 954-4480 (fax)
                     **BY: ANDREW LIEBNITZ**

**Reported By:    Lydia Zinn, CSR #9223, RPR**
                 **Official Reporter - U.S. District Court**

1            **THE CLERK:** Calling Civil Case Number 06-7336,
2    SpeedTrack versus Wal-Mart Stores, et al.
3            **MR. LIEBNITZ:** Andrew Liebnitz, for Wal-Mart.com USA,
4    L.L.C, And I'll be speaking for all defendants today, including
5    Endeca Technologies.
6            **MR. SALIK:** Omer Salik, on behalf of SpeedTrack.
7    Good morning, your Honor.
8            **THE COURT:** All right.  Good morning.  All right.
9    Now, this matter's on for motion to preclude the defendants
10   reliance on its final invalidity contentions.
11           I've reviewed the papers.  Do you wish to be heard
12   any further?
13           **MR. SALIK:** Not on this, unless your Honor has any
14   questions.
15           **THE COURT:** I don't have any questions.  Do you wish
16   to be heard any further?
17           **MR. LIEBNITZ:** The Court's time is precious.  Not
18   unless there's any doubt about granting any part of this
19   motion.
20           **THE COURT:** You only want to talk if you know what
21   I'm going to say first.  If you want to talk, I'm going to give
22   you a chance to.  I'm going to rule.  And I'm not going to hear
23   from you after I rule.  So if you want to argue it, take the
24   time to do so.
25           **MR. LIEBNITZ:** Okay.  I'll be very brief, your Honor.

1          The defendants argue that Cochran is not disclosed in
2  our final invalidity contentions as an anticipatory reference.
3  Anticipation means that a reference -- a single reference --
4  includes every claim element of the patent in suit.
5          We disclosed -- and I went back and looked at our
6  preliminary invalidity contentions served 15 months ago.  Our
7  invalidity contentions, even then, included Cochran for every
8  element of a claim in the patent in suit.  Even a casual
9  practitioner of patent law would know that's anticipation.
10         The scrivener's error that's arisen is that we didn't
11 include a -- we didn't include Cochran in the list of
12 anticipatory references.
13         **THE COURT:**  Right.
14         **MR. LIEBNITZ:**  It's in the claim chart.  Elevating
15 form over substance like this is the kind of "got-you"
16 lawyering that gives --
17         **THE COURT:**  Patent litigators.
18         **MR. LIEBNITZ:**  -- patent litigators that reputation
19 for pointlessly vituperative litigation.
20         The second argument is obviousness combinations.
21         Plaintiff doesn't contest that we disclosed all
22 possible combination of the prior art.  We said all
23 combinations of these designated pieces of prior art are
24 obvious.  They render the patent obvious.
25         Instead, they would have us undertake the massive

1  scrivener's effort of saying, "Reference one should be combined
2  with reference two; reference one should be combined with
3  reference three; reference one should be combined with
4  reference four," for every single one of our 28 references.
5          The court's -- this court; not your Honor
6  particularly, but this court has repeatedly addressed that, and
7  100 percent of the time has said, "That's not required."  This
8  is a *Kiethley* case by Judge Illston five months ago.
9          **THE COURT:**  Sure, but wouldn't it be helpful to know
10 we're talking about combining the six prior art references
11 with -- I thought it was 29, but you say 28 other references in
12 some combination?  And it would produce hundreds of different
13 combinations.  Wouldn't it be helpful to know which ones you
14 are primarily relying on?
15         **MR. LIEBNITZ:**  Would it be helpful?
16         The standard is whether or not we've disclosed that.
17 The other side knows what we're going to argue.
18         **THE COURT:**  So doesn't that mean, then, that the
19 other side has to anticipate that any one of the hundreds of
20 combinations could be ones that you're going to rely upon at
21 trial, when clearly you're not going to rely at trial on all of
22 them?
23         **MR. LIEBNITZ:**  That's natural in patent litigation.
24 The cases always gets narrowed.  The issues always get
25 narrowed.  We see what they say.  We come back and say, look.

1        You've -- there is no more elegant way to disclose
2   all the possible combinations in a massive prior art case like
3   this, as Judge Illston held, than to have a claim chart; but if
4   there's an obvious reference that means one element is missing,
5   you can say, "Reference X is missing an element.  Let's go to
6   the claim chart for claim element missing -- the missing claim
7   element."  Then you'll know every single other reference that
8   could possibly be used in combination with Reference X.
9        There's no more elegant way to do it than a claim
10  chart, as Judge Illston said.  And in Judge Illston's case,
11  there were billions of possible combinations.  And she said
12  that's absolutely fine.  It complies with the patent local
13  rules.
14       **THE COURT:**  And at what point is -- it's not the
15  final invalidity contentions.  At what point do you put the
16  other side on notice as to which of those billions you're going
17  to proceed on?
18       **MR. LIEBNITZ:**  Expert discovery, your Honor.  So we
19  do not, by any means, intend to transcircumvent [sic] the
20  expert discovery rules, which say you need to give a report on
21  that which your expert will testify.  The federal circuit says
22  expert testimony is critical in any patent case.
23       **THE COURT:**  This expert the report of Turnbull
24  doesn't address that.  He doesn't set forth each of those
25  combinations.  You're talking about later expert discovery

1  that's going to be given.
2         **MR. LIEBNITZ:** He sets forth the combinations.
3  Ultimately what's at issue is there are seven anticipatory
4  references. These are our core references. We say in our
5  final invalidity contentions any one of these seven should be
6  used as the primary piece in the obviousness side of this
7  argument. Any one of these seven or any one of the 29. I said
8  28 because 29 minus the one first reference is 28.
9         So he -- they have been put on notice as to exactly
10 the subgroup of possible combinations that can be used here.
11 And they've certainly not been prejudiced in any way because
12 they've come back and said here's how we respond to the
13 arguments of Mr. Turnbull.
14        **MR. SALIK:** Quickly, first, with respect to the
15 anticipating reference, it's the Cochran patent. This notion
16 that simply because they charted it that's good enough just
17 doesn't comply with the patent local rule.
18        The local rule requires you to at least identify
19 which prior art elements you're saying are anticipating, and
20 which ones you're saying are obvious.
21        They charted every piece of prior art, including 28
22 or 29 that they said are obvious. So to say that we could
23 define interest that -- that they made a mistake as to Cochran
24 just doesn't make any sense, because they charted all of them
25 in a separate section. They specifically said twice in the

1  preliminary and the final we're not using Cochran as an
2  anticipatory reference; we're using it as an obviousness.
3          Patent rules are clear.  They went section by section
4  and made those allegations.  And they tried to change it after
5  the final invalidity contentions.  That's a violation of patent
6  locale rules.  Prejudice has nothing to do with it.  They need
7  to show good cause for why they didn't comply.
8          Judge Zimmerman similarly found this.  They tried to
9  serve interrogatories late, and said that in violation of the
10 patent local rules.  He made the same conclusion.  Prejudice
11 doesn't have anything to do with it.  The local rules -- if
12 you're going to violate them, you have to seek leave.  Absent
13 that, we don't get into prejudice.
14         As to the obviousness contentions, again, the patent
15 local rules are clear.  You have to set forth the combinations
16 you're relying on.  There are 29 obviousness references.
17 There's any number of permutations.  There are thousands.  You
18 can combine two.  You can combine three.  You can combine all
19 28.
20         They knew how to make those statements.  Here, they
21 told us we're going to combine these two; in their final -- in
22 their final report, combine six.  There's no reason they
23 couldn't have done that in the final independent validity
24 contentions.  In going to trial, there are any number of
25 permutations of these 29 references they can rely on.

```
 1             THE COURT:  Opposing counsel said that the expert
 2   discovery is going to make it clear which permutations they're
 3   relying upon.
 4             MR. SALIK:  Limited to those combinations that he has
 5   expressly set forth in their expert's report.
 6             MR. LIEBNITZ:  We can address that at expert
 7   discovery.  We have no intention of in any way, other than
 8   studiously complying with the federal rules regarding expert
 9   discovery --
10             THE COURT:  So is that a yes, you will agree it's
11   limited to what's disclosed in the Turnbull report, or not?
12             MR. LIEBNITZ:  It's a completely other issue,
13   your Honor.  If Mr. Turnbull shows up and gives testimony or in
14   deposition defending that, and we are -- we have no intention
15   of --
16             THE COURT:  Is the report that was submitted in
17   conjunction with this motion his expert report?  Is that the
18   entirety of the report?
19             MR. LIEBNITZ:  I believe so, your Honor.
20             THE COURT:  And does it set forth the various
21   different combinations?
22             MR. LIEBNITZ:  It sets forth specifically six
23   additional combinations which are going to be the key ones that
24   we think in this case that you have.
25             In expert discovery it's often the case that first
```

```
 1  expert who has the burden of proof will see the opposing
 2  expert, and then respond to it during his deposition.  And we
 3  expect that to be true here, too.
 4          THE COURT:  Is there any reason other than in
 5  response to one of their experts that the six combinations that
 6  Turnbull relies upon would be expanded significantly?
 7          MR. LIEBNITZ:  Well, and remember we have to do that
 8  a month ago.  We got their offer to do this a month ago.  We
 9  got their expert's response to our invalidity contentions.  And
10  he had said regarding those seven anticipatory references --
11  and he included all seven, including Cochran.  So he had a
12  chance to respond.  He said there is an element here missing
13  from the first one.
14          There's an element here if I go from the second one,
15  so we would anticipate that it's clear, even since 15 months
16  ago, that if they're going to claim that one element is missing
17  from these core seven references, you can look at our claim
18  chart for that element and see all the other places where that
19  element appears.
20          Now remember we're not trying to combine different
21  areas of prior art.  We're not trying to combine auto mechanics
22  with quantum engineering.  They're all part of the same subject
23  realm of library scientists, so they all have the same
24  motivation to combine these references.
25          They're on notice that wherever they allege there to
```

1  be a deficiency in one of our anticipatory references, then
2  exactly where to go in our claim chart to find all the other
3  places where it's referenced.
4       **THE COURT:**  All right.  Anything else?
5       **MR. LIEBNITZ:**  One last point, your Honor, please.
6  Public policy.  And the reason that Judge Illston -- and before
7  her, Magistrate Judge Lloyd -- were so strong on this point is
8  that public policy's very strong.  Invalidity should be decided
9  on its merits, not on hypertechnical defaults, and, indeed, not
10 on any default whatsoever.  That's because unmeritorious
11 patents are a blight on the public marketplace, because they
12 allow plaintiffs to exact toll charges for all of Internet
13 commerce, as we think the plaintiff is doing here.  So there's
14 a strong public policy on deciding this on the merits.
15      **MR. SALIK:**  Shifting approach he's proposing.  Wait
16 to see your rebuttal before we can give you your full
17 invalidity intentions is exactly where the patent rules are
18 enacted.  Similar to it is our duty to set out fully what our
19 infringement contentions are.  If we try to shift those in
20 expert reports, I guarantee you the same position will be filed
21 by defendants.  That's the whole point of the patent local
22 rule.
23      They didn't need to wait to see and tell us what
24 their invalidity contention is.  The rules make that clear.
25 They had the patent.  They had the prior art references.  They

1  can make intentions about what anticipates and what
2  combinations are rendered obvious.  They don't need our
3  rebuttal report.  They shouldn't be allowed to revise it based
4  on our arguments.  That's exactly what we're trying to avoid.
5           **THE COURT:**  Okay.  And with regard to -- I think we
6  covered, essentially, both of the two issues that were raised.
7           Now my view is a little bit different.  I agree with
8  Judge Illston that the way in which it's set out is adequate.
9  That complies.  I mean, the local rules only require a
10 reasonable attempt to set forth the combinations that could
11 reasonably be relied upon.  And by giving you a broad, sweeping
12 category of combinations, the defendants have complied with the
13 local rule.
14          There is, however, concern on my part that when you
15 do so in the manner in which you've chosen -- the defense has
16 chosen to do it, that they don't give adequate notice as to the
17 specifics.  Everyone knows that there is not going to be every
18 conceivable possible combination presented at trial.  And
19 clearly, the opposing side needs to know the combinations that
20 are going to be presented at trial.  We don't have trials --
21 not even patent trials -- by ambush or surprise.  Everybody
22 knows.
23          So there has to be a mechanism set in.  Even though
24 I'm denying the motion, there has to be a mechanism in place so
25 that I can be assured that the plaintiffs know which of the

```
 1  combinations are ultimately going to be relied upon.
 2          Now you say that's going to take place throughout the
 3  course of expert discovery.  I'll have to accept your
 4  representations about the time that you're finished with the
 5  expert depositions that you'll know this.
 6          If not, I will assume someone will bring it to my
 7  attention; but I want you all to leave here knowing that I will
 8  require at some point before trial preparation begins in this
 9  case or actually before dispositive motions in this case what
10  those combinations are going to be.
11          MR. LIEBNITZ:  Very good, your Honor.
12          THE COURT:  All right.  So if the plaintiff wants to
13  move for summary judgment on any of those combinations,
14  plaintiff will be able to do so.  That's going to have to take
15  place.  I don't have your case schedule in mind, so I'll leave
16  it up to you all to figure out that timing.  It's going to have
17  to be -- you're going to have to disclose that at some point.
18          MR. LIEBNITZ:  Very good, your Honor.
19          MR. SALIK:  And as to the anticipating reference,
20  your Honor, that they've designated and as an obvious
21  reference, is that also denied?
22          THE COURT:  Yeah, sure.  Your motion's denied in its
23  entirety.  Frankly, I did think this is the kind of thing you
24  all should have been able to work out yourselves.
25          MR. SALIK:  Thank you, your Honor.
```

1          **MR. LIEBNITZ:**  Thank you, your Honor.

2          (At 10:40 a.m. the proceedings were adjourned.)

3                          -  -  -  -

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

*Lydia Zinn, CSR, RPR*
*Official Reporter - U.S. District Court*
*(415) 531-6587*

**CERTIFICATE OF REPORTER**

I, LYDIA ZINN, Official Reporter for the United States Court, Northern District of California, hereby certify that the foregoing proceedings in C. 06-07336-PJH, SpeedTrack, Inc., v. Wal-Mart Stores, Etc., et al., were reported by me, a certified shorthand reporter, and were thereafter transcribed under my direction into typewriting; that the foregoing is a full, complete and true record of said proceedings as bound by me at the time of filing.

The validity of the reporter's certification of said transcript may be void upon disassembly and/or removal from the court file.

_____

/s/ Lydia Zinn, CSR 9223, RPR

Saturday November 29, 2008

*Lydia Zinn, CSR, RPR*
*Official Reporter - U.S. District Court*
*(415) 531-6587*