1  Lary Alan Rappaport (SBN 087614)
   Joshua J. Pollack (SBN 215922)
2  PROSKAUER ROSE LLP
3  2049 Century Park East, Suite 3200
   Los Angeles, CA 90067-3206
4  Telephone: (310) 557-2900
   Facsimile: (310) 557-2193
5  lrappaport@proskauer.com
   jpollack@proskauer.com
6
7  Steven M. Bauer (Admitted *Pro Hac Vice*)
   Colin G. Cabral (Admitted *Pro Hac Vice*)
8  PROSKAUER ROSE LLP
   One International Place
9  Boston, MA 02110
   Telephone: (617) 526-9600
10 Facsimile: (617) 526-9899
11 sbauer@proskauer.com
   ccabral@proskauer.com
12
   Attorneys for
13 ENDECA TECHNOLOGIES, INC. and WAL-MART.COM USA, LLC

14                **UNITED STATES DISTRICT COURT**

15              **NORTHERN DISTRICT OF CALIFORNIA**

16                 **SAN FRANCISCO DIVISION**

17

18 SPEEDTRACK, INC.                          Case Nos. C 06-7336 PJH

19          *Plaintiff*,

20 v.                                        **DECLARATION OF DON TURNBULL IN
                                             SUPPORT OF DEFENDANTS'
21 WAL-MART.COM USA, LLC                     OPPOSITION TO SPEEDTRACK'S
                                             MOTION FOR SUMMARY JUDGMENT**
           *Defendant*.
22                                           Before: Hon. Phyllis J. Hamilton

23 ENDECA TECHNOLOGIES, INC.                 DATE: January 28, 2009
                                             TIME:  9:00 a.m.
24          *Intervenor*,                    ACTION FILED: November 29, 2006

25 v.

26 SPEEDTRACK, INC.

27          *Defendant in Intervention*.

28

I, Don Turnbull, declare as follows:

1.      I am an Assistant Professor in the School of Information at The University of Texas at Austin.  I submit this declaration in support of Wal-Mart.com and Endeca's opposition to SpeedTrack's motion for summary judgment of infringement.  I have personal knowledge of the facts set forth in this declaration.

2.      I have been retained as an expert witness by Wal-Mart.com and Endeca in connection with this litigation.

3.      I have submitted several expert reports in this case on behalf of Wal-Mart.com and Endeca.  In these reports, I address SpeedTrack's allegations of infringement and the validity of the '360 Patent in light of certain prior art available at the time of the invention.  In forming my opinions, I have reviewed the '360 Patent, the prosecution history of the '360 Patent, and the Court's Claim Construction Order, dated June 19, 2008.  I have also reviewed the operation of Endeca's technology and its implementation on the Wal-Mart.com website.  In addition, I have reviewed the memorandum of law submitted by SpeedTrack's counsel and the declaration submitted by SpeedTrack's expert, Richard Korf, Ph.D., in support of SpeedTrack's motion for summary judgment.  I have also reviewed the rough deposition transcript of Richard Korf, Ph.D., dated December 3, 2008.

4.      It is my opinion that neither the Endeca technology, nor the website operated by Wal-Mart.com infringe claim 1 of the '360 Patent.

5.      Claim 1(c) requires the creation of a "search filter" comprising "a set of category descriptions."  The "search filter" in this claim consists of the set of "category descriptions" chosen by the "user" during the search process.  The accused "search filter" in this case is created when third-party users, or potential customers, visit the Wal-Mart.com website and click on a series of links from their personal computers.  I note that SpeedTrack's expert agrees that no "search filter" would ever exist if a third-party user did not visit the Wal-Mart.com website and click on the available links.  (*See* Ex. 9, at 266:24-267:3).  This is entirely consistent with the '360

1    Patent's description of the patented method, which repeatedly states that the "user" builds the

2    "search filter" during the search process.  (*See* Ex. 1, at Col. 4:5-8; Col. 10:40-43, and Col. 13:25-

3    26).  Wal-Mart.com and Endeca do not create the "search filter" and, therefore, not perform step

4    (c) of claim 1.

5    6.    Claim 1(a) requires that the "category descriptions" have no predefined hierarchical

6    relationship with each other.  The words "having no predefined hierarchical relationship," standing

7    alone and as interpreted by the Court in its Claim Construction Order, do not allow for a

8    hierarchical relationship between two or more "category descriptions."

9    7.    SpeedTrack contends that the "category descriptions" in this case are what Endeca

10   refers to as "dimension values."  The Endeca dimensions values, however, are organized into

11   hierarchical tree structures, called "dimensions."  (*See* Ex. 4, Endeca Concepts Guide, at 27).

12   These are precisely the type of hierarchical structures that are excluded from the scope of claim 1

13   of the '360 Patent.

14   8.    A senior software engineer at Endeca, named Jim Fitzgerald, described an example

15   of a hierarchical dimension during his deposition.  He used the example of a dimension called

16   "electronics" dimension that may include dimension values, such as "televisions," "DVD players,"

17   and "computers."  (*See* Ex. 6, at 97:17-98:2).  Mr. Fitzgerald testified further that additional

18   dimension values under the "televisions" dimension value may include "LCD televisions,"

19   "plasma televisions," "HD televisions," or "black and white" televisions.  The hierarchical

20   dimension example described by Mr. Fitzgerald is shown below:



27

28   Declaration of Don Turnbull In Support Of Defendants' Opposition to SpeedTrack's Motion For
Summary Judgment
Case No. C 06-7336

9.     During Mr. Fitzgerald's deposition, he testified that there exists "hierarchy between and among the various dimensions" in the Wal-Mart.com implementation of Endeca's technology. (*See* Ex. 6, at 98:3-6).

10.     I understand that SpeedTrack contends that claim 1 of the '360 Patent allows for hierarchical relationships between the "category descriptions" and only precludes a single hierarchy.  This is not consistent with the technology being described in the patent.  The words "single hierarchy" or "single hierarchical structure" do not appear anywhere in claim 1, the body of the patent, or the Court's Claim Construction Order.  To the extent, SpeedTrack relies on specific examples from the '360 Patent to argue that claim 1 allows for hierarchical relationships among the "category descriptions," I do not see any examples of hierarchies in the patent that would lead me or a person of ordinary skill to conclude that claim 1 forbids only a single hierarchy.  Indeed, the essence of the invention is that the "category descriptions" can be selected in any order (*see* Ex. 1, at Col. 10:49-50), and this would not be possible if the "category descriptions" had hierarchical relationships between them.

11.     Claim 1 of the '360 Patent excludes any hierarchical relationship between or among two or more category descriptions.  The claim does *not* – as SpeedTrack now contends – allow for any number hierarchical relationships so long as there is no single hierarchical structure.

12.     Interestingly, even if SpeedTrack's argument was correct, Wal-Mart.com and Endeca would still not infringe claim 1 because the Endeca dimensions, and the dimension values contained therein are, in fact, organized into a single hierarchical structure.  One of the files created by the Endeca technology is named "walmart.dimensions_refs.xml," and it contains the dimensions for the Wal-Mart.com website.  This file designates one primary dimension, called "Endeca," and numerous secondary dimensions subordinate to the primary dimension.  (*See* Ex. 5, at 1).  The first several lines of the file read as follows:

4

1

&lt;DIMENSION_REF HIDDEN="TRUE" NAME="Endeca" TYPE="PRIMARY"/&gt;
&lt;DIMENSION_REF HIDDEN="FALSE" NAME="Price" TYPE="SECONDARY"/&gt;

2

&lt;DIMENSION_REF HIDDEN="FALSE" NAME="Actor" TYPE="SECONDARY"/&gt;
&lt;DIMENSION_REF HIDDEN="FALSE" NAME="Brand" TYPE="SECONDARY"/&gt;

3

…

4

13.     The purpose of the primary dimension is to create a hierarchy that allows for

5

navigation between dimension values in separate dimensions that would not otherwise be related.

6

(*See* Ex. 6, at 101:8-101:25).  Using the dimensions listed above, for example, the primary

7

dimension allows for navigation between values in the "Price" dimension and "Actor" dimension,

8

as shown below:

9



10

11

12

13

14

15

16

14.     Professor Korf does not seem to have reviewed the "walmart.dimensions_refs.xml"

17

file and simply bases his opinion that Wal-Mart.com infringes on the fact that this top-level

18

primary dimension is not in the software files he examined.  Professor Korf's opinion is wrong

19

and, at best, uninformed.  The primary is part of a single hierarchy containing all Endeca

20

dimensions and dimension values, which again takes the accused technology outside of the scope

21

of claim 1.  If the Court credits Professor Korf's testimony on this issue at all, then we have a

22

genuine dispute on this issue and I will be prepared to explain at trial why Professor Korf is wrong

23

and I am right.

24

15.     Claim 1 covers a method for accessing "files."  The Court construed "file" to mean

25

"any collection of data or information stored on a computer system."

26

27

5

28

16.     The Court's construction of "file" would not include information spread throughout or among one or more databases. Nothing in the patent suggests the "collection of data or information" can be separated or dispersed in multiple locations. Rather, a file must be stored on a single computer system in a single location. Each reference to a "file" in the '360 Patent – such as "jones.mem" in Figure 4 – is consistent with the term's ordinary meaning. Further, during the prosecution of the '360 Patent, the inventors told the Patent Office that the invention is "not directed to generating queries or data sets for a database, but is a method for accessing files in a data storage system." (*See* Cabral Decl., Ex. 2, at SPEED 000143).

17.     Claim 1 of the '360 Patent requires the accused technology to operate on a single "computer system." The Court construed the term "computer system" to mean "a computer system, embodied in either a single computer or a distributed environment, having a hard disk drive, a computer display, and a computer mouse, and equivalents thereto." The Court's construction excludes multiple computers, with separate data storage units, connected over the Internet.

18.     The mere exchange of data between two computers over the Internet does not make them part of the same computer system. The Court's construction requires "a hard disk drive" or its equivalent. Under SpeedTrack's theory, at least two separate "hard disks" exist – the Wal-Mart.com servers and the hard disk of the user's personal computer. Wal-Mart.com does not have access to data and information stored on the hard disk of each computer that connects to its website. Similarly, a user visiting the website does not have access to proprietary information stored on Wal-Mart.com's servers. The method described in the '360 Patent requires that the "computer system" has access to all of the data and information stored on the system. Otherwise, the "user" would not be able to access all of the "files" on the system and could easily perform searches that do not yield any matching results.

19.     The '360 Patent makes brief reference to use of the patented technology "in a large office or on a public or private electronic network." (*See* Ex. 1, at Col. 16:11-27). This language

6

refers to a local area network (or "LAN" network).  Such networks are common in offices and university settings.  LAN networks were well known at the time the inventors applied for the '360 Patent.  In contrast, the World Wide Web was in the early stages of development and not widely known.  Further, the '360 Patent makes no reference to the Internet or World Wide Web.  For these reasons, I do not read claim 1 to refer to multiple computers exchanging data over the Internet.

20.    Finally, claim 1(b) requires the creation of a "file information directory" comprising "at least one entry corresponding to a file on the data storage system."  SpeedTrack identified the "walmart-sgmt0.records.binary" file as a "file information directory."  This binary file, however, does not correspond to the "files" identified by SpeedTrack and, therefore, cannot be a "file information directory" under claim 1(b).  In fact, the binary file represents a set of indices, or Endeca records, generated by Endeca's technology – namely, the Endeca Data Foundry.  The information in Endeca's binary file does not appear to correspond to the Wal-Mart.com databases in any way.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 10, 2008.

_____
Professor Don Turnbull

7