Lary Alan Rappaport (SBN 087614)
Joshua J. Pollack (SBN 215922)
PROSKAUER ROSE LLP
2049 Century Park East, Suite 3200
Los Angeles, CA 90067-3206
Telephone: (310) 557-2900
Facsimile: (310) 557-2193
lrappaport@proskauer.com
jpollack@proskauer.com

Steven M. Bauer (Admitted *Pro Hac Vice*)
Colin G. Cabral (Admitted *Pro Hac Vice*)
PROSKAUER ROSE LLP
One International Place
Boston, MA 02110
Telephone: (617) 526-9600
Facsimile: (617) 526-9899
sbauer@proskauer.com
ccabral@proskauer.com

Attorneys for
ENDECA TECHNOLOGIES, INC. and WAL-MART.COM USA, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SPEEDTRACK, INC.<br><br>　　　　*Plaintiff*,<br><br>v.<br><br>WAL-MART.COM USA, LLC<br><br>　　　　*Defendant*. | Case No. C 06-7336 PJH<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY PENDING REEXAMINATION OF U.S. PATENT NO. 5,544,360**<br><br>Before: Hon. Phyllis J. Hamilton<br><br>DATE: February 25, 2009<br>TIME: 9:00 a.m.<br>Action Filed: November 29, 2006 |
| ENDECA TECHNOLOGIES, INC.<br><br>　　　　*Intervenor*,<br><br>v.<br><br>SPEEDTRACK, INC.<br><br>　　　　*Defendant in Intervention*. | |

| | |
|---|---|
| 1 | PLEASE TAKE NOTICE that on February 25, 2009 at 9:00 a.m., or as soon thereafter |
| 2 | as this matter may be heard, Defendants Wal-Mart.com USA, LLC ("Walmart.com") and |
| 3 | Endeca Technologies, Inc. ("Endeca") will move this Court to stay the current litigation |
| 4 | pending reexamination of U.S. Patent 5,544,360 ("the '360 Patent") by the United States Patent |
| 5 | Office. |

# INTRODUCTION

On January 12, 2009, the United States Patent And Trademark Office ("PTO") ordered the reexamination of all claims asserted by SpeedTrack, Inc. ("SpeedTrack") in this litigation. In ordering the reexamination, the Examiner identified *four* substantial new questions of patentability. The prior art that the Examiner found pertinent is also the subject of Walmart.com and Endeca's motion for summary judgment of invalidity.

Walmart.com and Endeca respectfully request that the Court stay the current litigation pending resolution of the PTO's reexamination of the '360 Patent. A stay would simplify (and likely eliminate) issues for trial and reduce the burden of litigation on the parties and this Court. The "substantial new questions of patentability" cited by the PTO are *identical* to issues presently before this Court on defendants' motion for summary judgment of invalidity, and the PTO's decision to eliminate or limit the asserted claims would greatly affect this case.

This District is well aware of the benefits of reexamination, particularly where discovery is ongoing and no trial date has been set. Indeed, the timing is right to stay this case because the Court is about to consider the same issues pending before the PTO, and parallel proceedings might result in redundant or inconsistent results. Courts regularly grant stays pending the outcome of reexamination in cases far more advanced than this. *See*, *e.g.*, *Ricoh Co., LTD v. Aeroflex Inc.*, 2006 U.S. Dist. LEXIS 93756, C 03-4669 MJJ, at *24-25 (N.D. Cal. Dec. 15, 2006) ("For every court that yields to completed discovery and a looming trial date, another court finds these dates outweighed by other factors be it the complexity of the suit, the value of PTO expertise, simplification of the issues, lack of hardship to the nonmovant, or the overall burden of duplicitous litigation on the parties and on the court."); *see also Gould v. Control Laser Corp.*, 705 F.2d 1340, 1341-42 (Fed. Cir. 1983) (upholding stay granted five years after the commencement of litigation and only 20 days before the start of trial).

SpeedTrack will suffer no prejudice or tactical disadvantage as a result of a stay because it does not actively sell or market products under the '360 Patent in the United States. On the other hand, the defendants face a considerable risk of prejudice if the Court denies a stay. Because the

1  PTO's reexamination is not bound by the determinations of this Court, Walmart.com and Endeca
2  could potentially litigate a lengthy patent trial and appeal on claims that the PTO later finds to be
3  invalid. Such an outcome would result in the needless waste of resources. The Court can – and
4  should – grant defendants' motion.

**FACTUAL BACKGROUND**

After this Court entered its claim construction order finding that SpeedTrack had not included the one key limitation in the claims of the '360 Patent that may have distinguished SpeedTrack's invention over the prior art – *i.e.*, the role of the "user" in defining and associating "category descriptions" – Endeca requested reexamination of the '360 Patent. On January 12, 2009, the PTO granted Endeca's request and ordered reexamination of the '360 Patent. *See* Declaration of Colin Cabral, dated January 20, 2009 ("Cabral Decl."), Ex. 1, PTO Order Granting Request For *Ex Parte* Reexamination.

In ordering reexamination of the '360 Patent, the Examiner identified four substantial new questions of patentability in light of the same prior art before this Court on defendants' motion for summary judgment of invalidity. *See id.* at 2-7, 13-15.[1] The Examiner correctly noted that the Godin, Suzuki, and Hermann references were not considered by the PTO during the original examination of the '360 Patent. *See id.* at 2, 4, and 14. With respect to Cochran, the Examiner observed that "Cochran was cited for a limited purpose during the original examination: as a secondary reference for a specific teaching." *See id.* at 2, 4, 6 and 14. The Examiner continued:

> [B]ased upon the newly considered teachings outlined . . . above, a reasonable examiner would have considered Cochran important in deciding whether or not to allow claims 1 and 20 of the subject patent. Moreover, since these teachings are different from the one relied upon during the earlier concluded examination, Cochran has been presented in a different way as compared with its use in the earlier examination.

*Id.* at 7.

---

[1] The Examiner considered the following references to be relevant: 1) Robert Godin et al., *Design of a Browing Interface for Information Retrieval*, 12TH ANNUAL INT'L ACM SIGIR CONFERENCE ON RESEARCH AND DEV. IN INFO. RETRIEVAL, at 32-39 (1989) ("Godin"); 2) Japanese patent application JP S64-1030 ("Suzuki"); 3) U.S. Patent No. 4,879,648 ("Cochran"); and 4) U.S. Patent No. 5,270,689 ("Hermann"). *Id.*

1   The trial date has not been set in this case, and the damages phase has not yet begun. The
2   remainder of the case schedule is linked to the Court's ruling on the parties' dispositive motions on
3   liability issues. Discovery on damages issues, for example, will not begin until two weeks after the
4   Court rules on the parties' dispositive motions on liability. *See* Docket No. 136, Stipulation and
5   Modified Order Regarding Revised Case Schedule, dated August 14, 2008, at 5.

## ARGUMENT

### I. LEGAL STANDARD

In determining whether to grant a stay pending reexamination, courts consider three factors: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and streamline the trial, thereby reducing the burden of litigation on the parties and on the court; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party. *Nanometrics, Inc. v. Nova Measuring Instruments, LTD.*, 2007 U.S. Dist. LEXIS 18785, C 06-2252 SBA, at *4 (N.D. Cal., Feb. 26, 2007); *see also KLA-Tencor Corp. v. Nanometrics, Inc.*, 2006 U.S. Dist. LEXIS 15754, C 05-3116 JSW, at *4-5 (N.D. Cal., Mar. 16, 2006).

"A stay is particularly justified where the outcome of the reexamination would be likely to assist the court in determining patent validity and, if the claims were canceled in the reexamination, would eliminate the need to try the infringement issue." *Ricoh*, 2006 U.S. Dist. LEXIS 93756, at *12; *see also Gould*, 705 F.2d at 1342 ("One purpose of the reexamination procedure is to eliminate trial of that issue (when the claim is canceled) or to facilitate trial of that issue by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceeding)."). There is "a liberal policy in favor of granting motions to stay proceedings pending the outcome of [PTO] reexamination . . . proceedings." *ASCII Corp. v. STD Entertainment USA, Inc.*, 844 F. Supp. 1378, 1381 (N.D. Cal. 1994).[2]

---

[2] The Court has the inherent discretionary power to issue a stay pending reexamination of the patent-in-suit by the PTO. *See Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) ("Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination.").

MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO STAY
Case No. C 06-7336

3

## II. ALL THREE FACTORS WEIGH IN FAVOR OF A STAY

### A. The Current Stage Of The Litigation Favors A Stay

The current stage of the litigation favors a stay. Damages discovery will not begin until two weeks after the Court rules on the parties' dispositive motions on liability issues. *See* Docket No. 136, Stipulation and Modified Order Regarding Revised Case Schedule, dated August 14, 2008, at 5. Further, the trial date has not been set, and the trial will not happen until after the Court rules on dispositive motions on damages issues. *See id.* at 6.

Courts regularly grant stays in cases far more advanced than the present litigation. In *Ricoh Co. v. Aeroflex Inc.*, for example, a court in this District granted a stay pending reexamination of the patent-in-suit after the close of discovery and after the case was set for trial. 2006 U.S. Dist. LEXIS 93756, at *24-27. The court explained:

> It is not uncommon for courts to have granted stays where discovery has been completed, and when a trial date has been scheduled or is forthcoming. For every court that yields to completed discovery and a looming trial date, another court finds these dates outweighed by other factors be it the complexity of the suit, the value of PTO expertise, simplification of the issues, lack of hardship to the nonmovant, or the overall burden of duplicitous litigation on the parties and on the court.

*Id.* at *24-25 (internal citations omitted).

The same factors apply here. The parties in this case would have to expend a great deal of resources before this matter is concluded. Indeed, the parties must conduct fact and expert discovery on damages issues, draft dispositive motions on damages issues, and prepare for trial by "finalizing deposition designations, preparing witnesses, finalizing jury instructions, drafting and preparing motions in limine, drafting and exchanging witness and exhibit lists, and preparing arguments." *See id.* at *26. Given that the PTO's reexamination may very well alter, moot, or resolve issues set for trial, staying this case now would eliminate the risk of wasting the parties' resources, as well as the resources of this Court. *See id.* at *27.

*Middleton*, *Inc. v. Minnesota Minding & Mfg.* is another case where the court granted a stay after the completion of discovery and after the parties were "well into their trial preparation." 2004 U.S. Dist. LEXIS 16812, No. 03-CV-40493, at *22-36 (S.D. Iowa Aug. 24, 2004). The *Middleton*

court provided several reasons why judicial economy favored a stay despite the advanced stage of the litigation:

> First, a stay would preserve the costs of a trial on the merits that may be obviated by the results of the reexamination. Second, even if a trial is ultimately required, the Court can have all issues heard in one trial on the proper scope of the patent claims. In addition to limiting the issues at trial, the reexamination decision may also limit the issues in the currently pending dispositive motions. Finally, the Court will be able to use the expertise of the PTO in making further determinations as related to the proper patent claims.

*Id.* at *21. *See also Motson v. Franklin Covey Co.*, 2005 U.S. Dist. LEXIS 34067, No. 03-1067, at *4 (D.N.J. Dec. 16, 2005) ("[A]lthough discovery is complete and summary judgment has been decided, the court has not set a trial date nor has it issued a pre-trial order. Courts have previously entered stays in situations which are similar, if not more advanced, than the present case."); *Gould*, 705 F.2d at 1341-42 (upholding stay granted five years after commencement of litigation and only 20 days before the start of trial).

This factor weighs in favor of granting a stay.

### B. A Stay Will Simplify The Issues In Question And Reduce The Burden Of Litigation On The Parties And The Court

Granting a stay in this case could also simplify the issues before the Court and eliminate the risk of inconsistent rulings. As the *Ricoh* court observed:

> [I]f the rejected claims are found to be invalid by the PTO, then there will be no basis for the present action. Conversely, if not found invalid, the reexamination may result in a narrowing and simplifying of the issues before the Court because the scope of the patent claims, which the PTO may narrow or otherwise limit, controls the outcome of any subsequent infringement analysis.

*Ricoh*, 2006 U.S. Dist. LEXIS 93756, at *23.

During reexamination, the PTO confirms all claims in only 24% of cases, cancels all claims in approximately 12% of cases, and limits claims in approximately 64% of cases. *KLA-Tencor Corp*, 2006 U.S. Dist. LEXIS 15754, at *9. Thus, putting aside the strength of the prior art in this case, there is approximately a 75% chance that the PTO will eliminate, amend, or otherwise limit the asserted claims of the patent-in-suit. *Nanometrics*, 2007 U.S. Dist. LEXIS 18785, at *7. If the

1  PTO eliminates the asserted claims or limits them in a manner that forecloses infringement, then
2  the parties' efforts throughout the remainder of this litigation would be wasted. *See id.* at *8.

3      The expertise of the PTO, under which the asserted claims of the '360 Patent will be
4  reevaluated, is an important factor weighing in favor of granting a stay. *See Ricoh*, 2006 U.S. Dist.
5  LEXIS 93756, at *18 ("The technical nature of the patent claims in question increases the utility of
6  PTO expertise, which is further amplified by the need to examine prior art and publications not
7  before the PTO during its original patent examination."). In a reexamination proceeding, "there is
8  no presumption of validity and the 'focus' of the reexamination returns essentially to that present in
9  an initial examination, at which a preponderance of the evidence must show nonpatentability before
10 the PTO may reject the claims of a patent application." *Ethicon*, 849 F.2d at 1427 (internal citation
11 and quotations omitted).

12     Because there is a strong likelihood that the PTO's reexamination will either render a trial
13 unnecessary, or significantly modify the infringement analysis, this factor also weights in favor of
14 granting a stay.

15     **C.    A Stay Would Not Prejudice Or Present A Clear Tactical Disadvantage To SpeedTrack**
16

17     The law is clear that delay inherent to the reexamination process does not constitute undue
18 prejudice. *See Sorensen v. The Black & Decker Corp.*, 2007 U.S. Dist. LEXIS 66712, 06-cv-1572
19 BTM, at *14 (S.D. Cal. Sept. 10, 2007) ("Protracted delay is always a risk inherent in granting a
20 stay, yet courts continue to stay actions pending reexamination. The general prejudice of having to
21 wait for resolution is not a persuasive reason to deny the motion for stay.").

22     SpeedTrack would not experience any prejudice or tactical disadvantage if the Court
23 granted the defendants' motion to stay. SpeedTrack is not selling or marketing products under the
24 '360 Patent in the United States. In fact, SpeedTrack's documents show that the company has
25 made only one sale in the United States during its entire 9-year existence. Under these
26 circumstances, money damages are an adequate remedy for SpeedTrack's alleged losses. *See*
27 *Middleton*, 2004 U.S. LEXIS 16812, at *31-32 ("[Plaintiff] is not currently selling products related
28

MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO STAY
Case No. C 06-7336

6

to the patent in issue and would be entitled to any money damages if infringement is ultimately found. Ultimately, the Court finds this is sufficient to protect [Plaintiff] from suffering any undue prejudice or a clear tactical disadvantage.").

On the other hand, denying a stay here could create a risk of considerable prejudice to the defendants. During the reexamination of the '360 Patent, the PTO would not be bound by any determinations of this Court. *In re Trans Texas Holding Corp.*, 498 F.3d 1290, 1296-97 (Fed. Cir. 2007). For this reason, Walmart.com and Endeca could be forced to potentially litigate a lengthy patent trial, where the PTO later determines that the patent-in-suit is invalid. Courts have characterized such as scenario to be "at a minimum, a highly undesirable outcome." *See Sorenson*, 2007 U.S. Dist. LEXIS 66712, at *14-15 ("Because [the PTO is not bound in its reexamination by determinations of the Court], the Court finds that not only is Plaintiff unlikely to be prejudiced in these proceedings by a stay pending the PTO reexamination, but Defendants would potentially be prejudiced by *failing* to enter a stay.") (emphasis in original).

This third and final factor also weights in favor of granting a stay.

# CONCLUSION

For the foregoing reasons, the Court should stay the current litigation pending the reexamination of the '360 Patent by the United States Patent Office.

DATED: January 20, 2009

PROSKAUER ROSE LLP
Steven M. Bauer (admitted *pro hac vice*)
Colin G. Cabral (admitted *pro hac vice*)
Lary Alan Rappaport
Joshua J. Pollack

By: /s/ Colin Cabral

Attorneys for Defendants
ENDECA TECHNOLOGIES, INC.
and WAL-MART.COM USA, LLC

FARELLA BRAUN &MARTEL LLP
Roderick M. Thompson
Andrew Leibnitz

Attorneys for Defendant,
WAL-MART.COM USA, LLC

**PROOF OF SERVICE**

STATE OF MASSACHUSETTS, COUNTY OF SUFFOLK

I declare that: I am employed in the county of Suffolk, Massachusetts. I am over the age of eighteen years and not a party to the within cause; my business address is Proskauer Rose LLP, One International Place, Boston, MA 02110.

On January 20, 2009, I served the forgoing document, described as DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY PENDING REEXAMINATION OF U.S. PATENT NO. 5,544,360 on the interested parties in this action by transmitting via United States District Court for the Northern District of California Electronic Case Filing Program the document(s) listed above by uploading the electronic files for each of the above-listed documents on this date.

/s/ Colin Cabral
Colin Cabral