UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SPEEDTRACK, INC.,

    Plaintiff,

    v.

WAL-MART.COM USA, LLC et al.,

    Defendants.

_____/

No. C 06-7336 PJH

**ORDER GRANTING MOTION TO STAY PENDING PATENT REEXAMINATION**

    Before the court is defendants Wal-Mart.com USA, LLC and Endeca Technologies, Inc.'s (collectively "defendants") motion to stay the instant action, on grounds that the underlying patent in the case, U.S. Patent No. 5,544,360 ("the '360 Patent") is the subject of a recently filed ex parte reexamination proceeding before the Patent and Trademark Office ("PTO"). Plaintiff Speedtrack, Inc. ("plaintiff") vigorously opposes defendants' request. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS defendants' motion to stay, as follows.

    Preliminarily, the determination whether to grant a request for a stay pending the outcome of the PTO's ex parte reexamination is soundly within the court's discretion. See, e.g., Procter & Gamble Co. v. Kraft Foods Global, Inc., 549 F.3d 842, 849 (Fed. Cir. 2008)(noting that Federal Circuit has "consistently recognized the inherent power of the strict courts to grant a stay pending reexamination of a patent"); Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426-27 (Fed. Cir.1988)("courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination"). As both parties note, a decision to grant or deny a stay is based on

evaluation of the following three factors: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and streamline the trial, thereby reducing the burden of litigation on the parties and on the court; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party. See, e.g., Nanometrics, Inc. v. Nova Measuring Instruments, Ltd., 2007 WL 627920, *2 (N.D. Cal. Feb. 26, 2007); Telemac Corp. v. Teledigital, Inc., 450 F. Supp. 2d 1107, 1111 (N.D. Cal. 2006).

On balance, evaluation of the foregoing factors justifies a stay in this instance. As to the first factor, defendants have correctly argued that discovery is not complete, and no trial date has yet been set. Indeed, as the case has been bifurcated, damages discovery – which depends upon completion of the pending liability phase of the case – has not even yet begun, and no trial date can even be set until both damages discovery has terminated *and* the court has resolved the parties' dispositive motions as to damages issues. This is not to say that plaintiff does not raise a legitimate grievance with respect to the timing of defendants' motion to stay, for the court is troubled that after first learning of plaintiff's intention to rely on the four prior art references at issue in July 2007, defendants waited more than 15 months to request reexamination based on those references, and filed their request for a stay a mere week prior to the date set for hearing on the parties' dispositive motions as to liability. These actions are suggestive, even if not conclusive proof, of dilatory tactics. Notwithstanding this observation, however, the fact remains that neither the commencement of damages discovery nor the setting of a trial date has yet occurred, and pursuant to the legal considerations outlined above, this factor tips in favor of granting a stay.

The second factor also weighs in favor of a stay. The PTO, in ordering reexamination of the '360 Patent, has identified four substantial new questions of patentability in light of four prior art references: Robert Godin et al., "Design of a Browsing Interface for Information Retrieval;" Japanese patent application JP S64-1030 ("Suzuki");

U.S. Patent No. 4,879,648 ("Cochran"); and U.S. Patent No. 5,270,689 ("Hermann"). See Declaration of Colin Cabral ISO Def. Mot. Stay ("Cabral Decl."), Ex. 1.  These prior art references are identical to those raised by the parties as a basis for their invalidity arguments in the pending cross-motions for summary judgment previously set for hearing on January 28, 2009.  As such, there is a strong likelihood that final results of the PTO's reexamination proceeding would have an effect on issues before the court relating to the '360 Patent.  This conclusion is particularly true if some of the relevant claims at issue in the patent are ultimately found to be invalid, or are narrowed. See, e.g., Gould v. Control Laser Corp., 705 F.2d 1340, 1342 (Fed. Cir. 1983)("One purpose of the reexamination procedure is to eliminate trial of [certain issues] (when the claim is canceled) or to facilitate trial of [those issues] by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceeding)")(dismissing appeal of district court order staying patent litigation pending reexamination proceedings before the PTO).  Indeed, and as defendants have pointed out, there is a real risk that were a stay not granted, the parties and the court would expend substantial resources and costs in litigating this case through trial with respect to claims that the PTO later finds disallowed.  Accordingly, and since the outcome of the reexamination is likely to assist the court in determining patent validity, the second factor weighs in favor of a stay.

Finally, the court finds that no *undue* prejudice to plaintiff would result as a consequence of any stay.  While plaintiff has raised valid concerns relating to its ongoing efforts to market its patented product and secure licensing agreements from third parties, the court finds that money damages would adequately compensate plaintiff in the event that the PTO ultimately finds the relevant claims valid over the prior art references in question.

In sum, therefore, defendants' motion to stay the present action pending reexamination of the '360 Patent is GRANTED.  The parties are instructed, however, to submit a joint status report to the court every 6 months, apprising the court of the status of

the pending reexamination proceedings.  Upon final exhaustion of the pending reexamination proceedings (including any appeals), the parties shall jointly submit to the court, within one week, a letter indicating that all appeals have been exhausted, and requesting a further case management conference as soon as possible.

To the extent, furthermore, that plaintiff has raised concerns that a stay would negatively impact the preservation of inventor Jerzy Lewak's testimony, the court finds that these concerns are an insufficient basis upon which to deny defendants' motion for a stay, particularly in view of the fact that Mr. Lewak's videotaped deposition has already taken place, and he does not appear to be immediately experiencing any life-threatening condition.  Nonetheless, should issues concerning the preservation of Mr. Lewak's further testimony take on greater urgency during the pendency of the stay ordered herein, the court is willing to entertain a motion by plaintiff for additional limited discovery, notwithstanding any stay, in order to address such concerns.

The hearing on the parties' pending cross motions for summary judgment as to liability issues is hereby VACATED, and the motions for summary judgment furthermore administratively terminated, until such time as the PTO's reexamination is complete and the parties have notified the court in accordance with the above instructions.  The court further notes that related case number 07-3602 PJH, <u>Speedtrack v. Office Depot</u> – which was stayed pending resolution of this case – also remains stayed.

**IT IS SO ORDERED.**

Dated: February 5, 2009

_____
PHYLLIS J. HAMILTON
United States District Judge