1  HENNIGAN DORMAN LLP
   Roderick G. Dorman (SBN 96908)
2  dormanr@hdlitigation.com
   Alan P. Block (SBN 143783)
3  blocka@hdlitigation.com
   Marc Morris (SBN 183728)
4  morrism@hdlitigation.com
   865 South Figueroa Street, Suite 2900
5  Los Angeles, California 90017
   Telephone: (213) 694-1200
6  Fax: (213) 694-1234

7  Attorneys for Plaintiff, SPEEDTRACK, INC.,

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10                  OAKLAND DIVISION

11  SPEEDTRACK, INC.,                          )  Case No. 06-CV-07336-PJH
                                               )
12              Plaintiff,                      )  **SPEEDTRACK, INC.'S NOTICE OF**
                                               )  **MOTION AND MOTION FOR PARTIAL**
13      vs.                                     )  **SUMMARY JUDGMENT PURSUANT TO**
                                               )  **RULE 56(A), FED. R. CIV. PRO. THAT:**
14  WAL-MART STORES, INC., THE                 )
    HERTZ CORPORATION, MAGELLAN               )  **1.     DEFENDANT WALMART.COM USA,**
15  NAVIGATION, INC. and TOYOTA               )  **LLC HAS PRACTICED EACH OF THE**
    MOTOR SALES, U.S.A., INC.,                )  **PREAMBLE AND STEPS 1(A), 1(B), AND**
16                                             )  **1(C) OF U.S. PATENT NO. 5,544,360;**
                Defendants.                    )
17  _____               )  **2.     WALMART.COM IS DIRECTLY**
                                               )  **INFRINGING CLAIM 1 OF THE '360**
18  ENDECA TECHNOLOGIES, INC.,                )  **PATENT UNDER 35 U.S.C. § 271(A); AND**
                                               )
19              Intervenor,                     )  **3.     THE ASSERTED CLAIMS OF THE**
                                               )  **'360 PATENT ARE NOT INVALID UNDER:**
20      vs.                                     )
                                               )  **a.  § 102(B) FOR AN OFFER FOR SALE;**
21  SPEEDTRACK, INC.,                          )  **b.  § 112(1) FOR LACK OF**
                                               )  **     ENABLEMENT OR WRITTEN**
22              Defendant-in-                   )  **     DESCRIPTION;**
                Intervention and               )  **c.  § 101 FOR NON-STATUTORY**
23              Counterclaimant.               )  **     SUBJECT MATTER; AND**
                                               )  **d.  § 102 FOR ANTICIPATION**
24                                             )
                                               )
25                                             )  **Date:   August 10, 2011**
                                               )  **Time:   9:00 am**
26                                             )  **Ctrm:  No. 3, Hon. Phyllis J. Hamilton**
                                               )
27  _____               )

28

Case No. 06-CV-07336-PJH        SPEEDTRACK'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT;
                                MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1  TO DEFENDANT WAL-MART.COM USA, LLC AND INTERVENOR ENDECA

2  TECHNOLOGIES, INC. AND THEIR COUNSEL OF RECORD:

3        PLEASE TAKE NOTICE that on August 10, 2011, at 9:00 am, or as soon thereafter as the

4  matter may be heard in the courtroom of the Honorable Phyllis J. Hamilton, 1301 Clay Street,

5  Courtroom No. 3, Third Floor, Oakland, CA 94612, plaintiff SpeedTrack, Inc. will move, and

6  hereby does move for partial summary judgment pursuant to Fed.R.Civ.P. 56(a) that:

7        1.       Defendant Wal-Mart.com USA, LLC ("Walmart.com") has practiced each of the

8  preamble and steps 1(a), 1(b), and 1(c) of claim 1 of U.S. Patent No. 5,544,360 (the '360 Patent).

9  The basis for this portion of the motion is that there are no genuine, disputed issues of material fact

10 that a method used by defendant Walmart.com's to access information stored in a computer database

11 in connection with its website practices each of these claim elements of claim 1 of the '360 patent;

12       2.       none of claims 1-4, 7, 11-14, 20, and 21 of the '360 patent (the "asserted claims") are

13 invalid under 35 U.S.C. § 102(b) (invalidating offer for sale).  The basis of this portion of the

14 motion is that the evidence presented by Walmart.com and Intervenor Endeca Technologies, Inc.

15 ("Endeca") is legally insufficient to prove an invalidating offer of sale under 35 U.S.C. § 102(b);

16       3.       no asserted claim of the '360 patent  is invalid under 35 U.S.C. § 112(1) (enablement

17 and written description requirements) on the grounds that no evidence supporting these defenses has

18 been proffered during liability discovery, which is now closed;

19       4.       no asserted claim of the '360 patent is invalid under 35 U.S.C. § 101 (non-statutory

20 subject matter) on the grounds that Walmart.com and Endeca have produced no evidence

21 whatsoever in support of this defense during liability discovery, which is now closed;

22       5.       no asserted claim of the '360 patent is anticipated under 35 U.S.C. § 102.  The basis

23 for this portion of the motion is that each of the six references asserted by Walmart.com and Endeca

24 as anticipating independent claims 1 and/or 20 of the '360 patent[1] indisputably lacks at least one

25 element of independent claims 1 and 20; and

26

27 ─────────────────────

28     [1] That is, the Cochran, Godin, Suzuki, Kleinberger, Schneiderman and Lotus Agenda prior art
   references.

6.      Walmart.com has infringed claim 1 of '360 patent pursuant to 35 U.S.C. § 271(a) in the event this Court grants SpeedTrack's motion for partial summary judgment that Walmart.com practices all of the preamble and steps 1(a), 1(b) and 1(c) of claim 1 of the '360 patent.

This motion is based upon the attached Memorandum of Points and Authorities, the accompanying Declarations of Alan P. Block and Professor Richard E. Korf, all pleadings and papers on file in this action, and upon such oral argument and other evidence as the Court shall consider prior to or at the hearing on this motion.

DATED:  July 6, 2011                                    HENNIGAN DORMAN, LLP


                                                        By_____/s/ Roderick G. Dorman_____
                                                             Roderick G. Dorman

                                                        Attorneys for Plaintiff, SPEEDTRACK, INC.,

Case No. 06-CV-07336-PJH

-2-
SPEEDTRACK'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY
JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

**TABLE OF CONTENTS**

**Page**

I.     INTRODUCTION ..................................................................................................1

II.    IN THE REEXAMINATION REQUESTED BY ENDECA, THE PATENT
       OFFICE CONFIRMED THE VALIDITY OF ALL OF THE CLAIMS OF
       THE '360 PATENT ASSERTED BY SPEEDTRACK IN THIS ACTION ....................2

III.   ARGUMENT ......................................................................................................2

       A.    Legal Standards Pertaining to Summary Judgment ...............................2

       B.    Undisputed Material Facts Establish that Walmart.com is Directly
             Infringing Claim 1 of the '360 Patent ....................................................3

             1.    The Preamble .................................................................................3

             2.    Step (a) of claim 1 of the '360 patent ..........................................5

                   a)    Walmart.com Has a Category Description Table ...........5

                   b)    Walmart.com's Category Description Table is
                         "Initially Created" .......................................................5

                   c)    The Category Descriptions in Walmart.com's
                         Category Description Table Meet the Non-
                         Hierarchical Limitation of Step 1(a) .............................6

             3.    Step (b) of claim 1 of the '360 patent ........................................11

             4.    Step (c) of claim 1 of the '360 patent ........................................14

       C.    There is no Clear and Convincing Proof of an Invalidating Offer for
             Sale Under 35 U.S.C. § 102(b) .............................................................18

       D.    SpeedTrack is Entitled to Partial Summary Judgment of the Defenses
             of Lack of Enablement and Written Description Under 35 U.S.C. §
             112, ¶ 1 and Non-Statutory Subject Matter Under 35 U.S.C. § 101 ...................20

       E.    SpeedTrack is Entitled to Partial Summary Judgment on the Defense
             of Anticipation Under 35 U.S.C. § 102 .................................................21

             1.    Cochran Does Not Anticipate Claims 1 and 20 of the '360
                   Patent ...........................................................................................22

             2.    Godin Does Not Anticipate Claims 1 and 20 of the '360
                   Patent ...........................................................................................22

i

Case No. 06-CV-07336-PJH                    SPEEDTRACK'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY
                                            JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

3. Suzuki Does Not Anticipate Claims 1 and 20 of the '360 Patent ..................................................................................23

4. Kleinberger Does Not Anticipate Claim 1 of the '360 Patent ................23

5. Schneiderman And Lotus Agenda Do Not Anticipate Claim 1 of the '360 Patent .........................................................................23

IV. CONCLUSION .........................................................................23

Case No. 06-CV-07336-PJH

-ii-

SPEEDTRACK'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Al-Site Corp. v. VSI Int'l, Inc.*
  174 F.3d 1308 (Fed. Cir. 1999) ................................................................. 22

*Anderson v. Liberty Lobby, Inc.*
  477 U.S. 242 (U.S. 1986) .......................................................................... 22

*Business Objects, S.A. v. Microstrategy, Inc.*
  393 F.3d 1366 (Fed. Cir. 2004) ................................................................... 3

*Celotex Corp. v. Catrett*
  477 U.S. 317 (1986) ............................................................................. 3, 21

*Elan Corp., PLC v. Andrx Pharms., Inc.*
  366 F.3d 1336 (Fed. Cir. 2004) ................................................................. 19

*Frank's Casing Crew & Rental Tools, Inc. v. Weatherford Int'l., Inc.*
  389 F.3d 1370 (Fed. Cir. 2004) ................................................................... 3

*Group One, Ltd. v. Hallmark Cards, Inc.*
  254 F.3d 1041 (Fed. Cir. 2001) ................................................................. 19

*Jeneric/Pentron Inc. v. Dillon Co.*
  205 F.3d 1377 (Fed. Cir. 2000) ................................................................... 3

*Johnston v. IVAC Corp.*
  885 F.2d 1574 (Fed. Cir. 1989) ................................................................... 3

*Linear Tech. Corp. v. Micrel, Inc.*
  275 F.3d 1040 (Fed. Cir. 2001) ................................................................. 19

*Medtronic Vascular, Inc. v. Advanced Cardiovascular Systems, Inc.*
  614 F. Supp. 2d 1006 (N.D. Cal. 2009) ....................................................... 21

*O.I. Corp. v. Tekmar Co., Inc.*
  115 F.3d 1576 (Fed. Cir. 1997) ................................................................... 3

*Old Reliable Wholesale, Inc. v. Cornell Corp.*
  635 F.3d 539 (Fed. Cir. 2011) ................................................................... 21

*Pfaff v. Wells Elecs.*
  525 U.S. 55 (1998) ................................................................................. 19

*PowerOasis, Inc. v. T-Mobile USA, Inc.*
  522 F.3d 1299 (Fed. Cir. 2008) ................................................................. 21

iii

**TABLE OF AUTHORITIES (CONT'D)**

**Page**

**Cases**

*Warner-Lambert Co. v. Teva Pharms. USA, Inc.*
   418 F.3d 1326 (Fed. Cir. 2005) ...................................................................2

**Statutes**

35 U.S.C. § 101 .........................................................................................20

35 U.S.C. § 102(b) .....................................................................................18

35 U.S.C. § 112 .........................................................................................20

35 U.S.C. § 112(1) .....................................................................................20

35 U.S.C. § 112(4) .....................................................................................22

35 U.S.C. § 271(a) .......................................................................................1

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.      INTRODUCTION

By November, 1992 Dr. Jerzy Lewak and his co-inventors conceived of new methods using descriptive terms called "category descriptions" to make it easier to locate information stored on a computer system.  Devising the methods claimed in their '360 patent, they solved the longstanding and often frustrating problem of computer searches that produced no positive results.

To make computer-stored information easier to locate, category descriptions are created and then associated with items of information so that the description(s) can later be used by a search filter to locate that information even if the location of the information (e.g., the drive, directory, or sub-directory in which it is stored) is unknown to the user.  To guarantee that every search will find information and produce a positive result, the search filter used to locate the information is limited to the category descriptions that were previously associated with the stored information.  Using Dr. Lewak's methods, it impossible to mistype a search term or otherwise define a search filter that will produce no results.

Defendant Walmart.com USA, Ltd. ("Walmart.com") operates a website located at www.walmart.com.  Information about retail products offered for sale by Walmart.com is stored in a computer system in connection with the website.  A customer can access information about products using the Walmart.com website by selecting category descriptions using software provided to Walmart.com by Intervenor Endeca Technologies, Inc. ("Endeca").  There is no genuine issue of material fact that each of the preamble and steps 1(a), 1(b) and 1(c) of claim 1 of the '360 patent are practiced by Walmart.com in the United States.  Upon a determination by this Court that each of those claim elements are practiced by Walmart.com, Speedtrack will be entitled to partial summary judgment that Walmart.com directly infringes claim 1 of the '360 patent under 35 U.S.C. § 271(a).

Walmart.com and Endeca have not produced any evidence that the '360 patent does not satisfy the enablement or written description requirements of the Patent Act, nor claims non-statutory subject matter.  They also failed to present evidence during the liability discovery phase of this case, which is now closed, sufficient to prove by clear and convincing evidence that there was

1    any invalidating offer for sale or that the '360 patent is anticipated.  The sole evidence produced

2    during discovery and relied upon by Defendants—the MacWeek article—is legally insufficient to

3    prove an on sale bar.  SpeedTrack is therefore entitled to partial summary judgment of these

4    invalidly contentions as well.

5    **II.     IN THE REEXAMINATION REQUESTED BY ENDECA, THE PATENT OFFICE**

6    **CONFIRMED THE VALIDITY OF ALL OF THE CLAIMS OF THE '360 PATENT**

7    **ASSERTED BY SPEEDTRACK IN THIS ACTION**

8    SpeedTrack's U.S. Patent No. 5,544,360 (the '360 patent) was filed on November 23, 1992

9    and issued on August 6, 1996.  (Exhibit 2 to the Declaration of Alan P. Block filed concurrently

10   herewith, hereinafter "Block Decl.")  The Patent Office thoroughly reexamined claims 1-4, 7, 11-14,

11   and 20-21 of the '360 patent (the claims asserted by SpeedTrack in this action hereinafter referred to

12   as the "Asserted Claims") in view of Endeca's one hundred and forty-eight page Request for

13   Reexamination arguing that the Asserted Claims were anticipated by six prior art references and

14   were obvious over numerous combinations of these same six prior art references and two additional

15   references.  *See,* Block Decl. Exh. 3.  On March 3, 2011 the Patent Office issued its decision in the

16   Reexamination proceeding confirming the patentability of each and every claim challenged by

17   Endeca and allowing a new independent claim.  Block Decl. Exh. 4.  There were no amendments to

18   the claims made in the Reexamination proceedings.  In reaching their conclusions, the three Patent

19   Examiners responsible for the Reexamination completely rejected Endeca's contentions that claims

20   of the '360 patent were invalid and concluded that the Asserted Claims, including claims 1-3, were

21   patentable over all of the prior art submitted by Endeca to the Patent Office.

22   **III.    ARGUMENT**

23   **A.     Legal Standards Pertaining to Summary Judgment**

24   The party alleging patent infringement bears the burden of proving patent infringement by a

25   preponderance of the evidence.  *Warner-Lambert Co. v. Teva Pharms. USA, Inc*., 418 F.3d 1326,

26   1341, n. 15 (Fed. Cir. 2005).  When considering patent infringement, the Court engages in a two-

27   step process.  First, the Court determines the scope and meaning of the claims via claim

28

-2-

Case No. 06-CV-07336-PJH                SPEEDTRACK'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT;
                                        MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

construction; then, the Court compares that construction of the claim to the accused method. *See, e.g., Business Objects, S.A. v. Microstrategy, Inc.*, 393 F.3d 1366, 1371 (Fed. Cir. 2004); *Jeneric/Pentron Inc. v. Dillon Co.*, 205 F.3d 1377, 1382 (Fed. Cir. 2000) (a claim is "literally infringed" if each properly construed claim element directly reads on the accused product or process). Infringement is a question of fact. *See, e.g., Frank's Casing Crew & Rental Tools, Inc. v. Weatherford Int'l., Inc.*, 389 F.3d 1370, 1376 (Fed. Cir. 2004).

Summary judgment is just as appropriate in patent cases as in any other case. *O.I. Corp. v. Tekmar Co., Inc.*, 115 F.3d 1576, 1580 (Fed. Cir. 1997). A grant of summary judgment under Rule 56 of the Federal Rules of Civil Procedure is appropriate where no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Johnston v. IVAC Corp.*, 885 F.2d 1574, 1576-77 (Fed. Cir. 1989).

Since one principal purpose of summary judgment "is to isolate and dispose of factually unsupported claims or defenses," Rule 56 requires that the non-moving party "designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986) (quoting Fed. R. Civ. P. 56(e)). Thus, with respect to partial summary judgment of the defenses, on which Walmart.com and Endeca bear the burden of proof, "a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file'" and "the burden on the moving party may be discharged by 'showing' -- that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 324-25. There can be "no genuine issue as to any material fact" where the non-moving party's proof is deficient in meeting an essential part of the applicable legal standard, since such failure renders all other facts immaterial. *Id.* at 323.

### B. Undisputed Material Facts Establish that Walmart.com is Directly Infringing Claim 1 of the '360 Patent

As hereinafter set forth, each step of method claim 1 of the '360 patent is practiced by Walmart.com in connection with its operation of www.walmart.com.

#### 1. The Preamble

The preamble of claim 1 of the '360 patent states as follows: "A method for accessing files

1    in a data storage system of a computer system having means for reading and writing data from the

2    data storage system, displaying information, and accepting user input…"  Declaration of Professor

3    Richard E. Korf[2] filed concurrently herewith, at ¶ 4 (hereinafter "Korf Decl.")  As Professor Korf

4    explains below, Walmart.com's computer system performs each of the limitations is described in the

5    preamble of claim 1.  Korf Decl. ¶ 5-7.[3]

6          As construed by the Court, the claim term "file" means "any collection of data or

7    information stored on a computer system."  Korf Decl. ¶ 6.  Information about particular products

8    for sale is stored in the data storage system of Walmart.com computer system.  *Id.*  This collection

9    of data or information pertaining to a particular product constitutes one example of a file in the

10    Walmart.com system, as described in the preamble.  *Id.*

11          Walmart.com also uses a "computer system" located in the United States in connection with

12    its website as described in the preamble.  Korf Decl. ¶ 7.  The Court construed "computer system" as

13    "a computer system, embodied in either a single computer or a distributed environment, having a

14    hard disk drive, a computer display, and a computer mouse, and equivalents thereto."  *Id.*

15    Walmart.com's "computer system" operates in a distributed environment and consists of at least: (i)

16    the Walmart.com web servers, (ii) the Walmart.com computers or servers running the Endeca

17    software, and (iii) the Walmart.com data storage system.  *Id.*  The Walmart.com "computer system"

18    has the means for reading and writing data from the data storage system, displaying information, and

19    accepting user input, and includes at least one hard disk drive, at least one computer display, and at

20    least one computer mouse.  *Id.*  In addition, when a Walmart.com customer is accessing the

21    Walmart.com website, they do so via a computer, which becomes part of a distributed environment

22    during the interaction.  *Id.*  The customer's computer also includes a display and a computer mouse

23    or other equivalent pointing device.  Collectively, these computers and servers constitute a computer

24

25    [2] Professor Korf is a tenured full professor of computer science at the University of California, Los Angeles.  Block Decl. Exh. 1.

26

27    [3] Throughout his Declaration, Professor Korf cites to deposition testimony and documentary exhibits of record which supports his opinions.  This additional evidence of record is attached to the Block Decl.  To avoid cluttering this brief with additional citations to the record that are also cited in

28    Professor Korf's Declaration, SpeedTrack is citing to Professor Korf's Declaration in this brief.

-4-
Case No. 06-CV-07336-PJH

SPEEDTRACK'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

system having means for reading and writing data from the data storage system, displaying

information, and accepting user input as described in the Preamble.  *Id.*

### 2.     Step (a) of claim 1 of the '360 patent

Method step (a) of claim 1 of the '360 patent requires:  "(a) initially creating in the computer

system a category description table containing a plurality of category descriptions, each category

description comprising a descriptive name, the category descriptions having no predefined

hierarchical relationship with such list or each other."  Korf Decl. ¶ 8.  As construed by the Court, a

"category description" is "information that includes a name that is descriptive of something about a

stored file."  Korf Decl. ¶ 9.  A "category description table," as further construed by the Court, is "at

least one list or array, configured in any desired manner, or taking any form, containing a plurality

of category descriptions." *Id.*  Putting this together, step (a) initially requires the creation of a

category description table which is at least one list or array configured in any desired manner, or

taking any form, containing information that includes a name that is descriptive of something about

a stored file.

### a)     Walmart.com Has a Category Description Table

In Walmart.com's computer system, the file "walmart.dimensions.xml" is a category

description table satisfying all of the requirements of step (a).  Korf Decl. ¶¶ 10-12.  Each "category

description" in this "category description table" is comprised of, among other things, a name that is

descriptive of something about a stored file (e.g., "Braun," which is a brand name for a product

produced by the Braun company) as required by the claims.  Korf Decl. ¶ 12.

### b)     Walmart.com's Category Description Table is "Initially Created"

"Walmart dimensions.xml" is "initially created."  Korf Decl. ¶¶ 14-15.  In the context of the

multiple steps set forth in method claim 1, it is clear that the phrase "initially created" was intended

merely to communicate that the step of 1(a) ("creating in the computer system a category description

table") preceded in time the step of 1(b) ("creating in the computer system a file information

directory.")  Informatively, the first words that follow each of steps 1(a), 1(b) and 1(c) of claim 1 are

1(a) "initially creating," 1(b) "thereafter," and 1(c) "thereafter."   Korf Decl. ¶ 14.

This construction of "initially created" juxtaposed to later steps of claim 1 is also fully

-5-

Case No. 06-CV-07336-PJH          SPEEDTRACK'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1    supported by the prosecution history of the '360 patent.  Korf Decl. ¶ 14.  When the patentees added

2    the phrase "initially created" to step 1(a) of claim 1, they simultaneously added the phrase

3    "thereafter created" to step 1(b) of claim 1.  The patentees made clear in their remarks to the Patent

4    Office that they only meant by these additions to express that step 1(a) is performed before step

5    1(b): "Importantly, the invention constrains a user to first define category descriptions, and then

6    associate one or more defined category descriptions with a file.  This constraint ensures that the

7    system always 'knows' the set of possible descriptors before a file is linked to them."  Korf Decl.

8    ¶ 14.

9            Although neither Walmart.com nor Endeca disputed the meaning of "initially created" prior

10   to the conclusion of the Reexamination proceedings, Walmart.com and Endeca have now formulated

11   an entirely new meaning, based only upon speculation arising from certain statements made by the

12   Reexamination Patent Examiners in their Reasons for Allowance.  Walmart.com and Endeca now

13   contend that "initially created" means that the category descriptions must be created before any data

14   is stored in the computer system.  Block Decl. ¶ 13.  This is nothing more than a fabrication

15   designed to avoid infringement.  "Initially created" has the same meaning now that it has always had

16   among the litigants in this case.  Thus, "initially" in claim 1 only means that step (a) is the first step

17   of a multi-part method claim and nothing more, and Walmart.com meets this requirement of claim 1.

18   Korf Decl. ¶¶ 13-15.

19           c)      **The Category Descriptions in Walmart.com's Category**

20                   **Description Table Meet the Non-Hierarchical Limitation of Step**

21                   **1(a)**

22           Step 1(a) of claim 1 further requires that the category descriptions of the "category

23   description table" have "no predefined hierarchical relationship with such list or each other."  Korf

24   Decl. ¶ 16.  According to the Court, "having no predefined hierarchical relationship" means that

25   "the category descriptions have no predefined hierarchical relationship.  A hierarchical relationship

26   is a relationship that pertains to a hierarchy.  A hierarchy is a structure in which components are

27   ranked into levels of subordination; each component has zero, one or more subordinates; and no

28   component has more than one superordinate component."  Korf Decl. ¶ 17.

There are a number of logical consequences of the phrase, "A hierarchy is a structure in which components are ranked into levels of subordination; each component has zero, one or more subordinates; and no component has more than one superordinate component." Korf Decl. ¶ 18. One is that all the components in a hierarchy are related in a single structure. *Id.* Furthermore, because the components are in a single structure, and because each component in that structure has no more than one superordinate component, there is a unique element that every other component is ultimately subordinate to. *Id.* This component is the root of the hierarchy. *Id.* Finally, because there can be no more than one superordinate component for any given element in the hierarchy, there is a unique path from any element of the structure to the root element. *Id.* A classic example of a hierarchy is our military command structure. *Id.* Every person in the military has a unique individual to which they directly report, except for the President of the United States, to which all members of the military ultimately report, and who is the "root" of the military command structure. *Id.* There is also a unique chain of command (i.e., path) from each individual member of the military to the President. *Id.*

The specification of the '360 patent consistently teaches that the claimed inventions departed from the single hierarchical structures of the prior art and that some hierarchical structure, as long as it is not a single structure, can be utilized while practicing the claimed inventions. *See,* Korf Decl. ¶ 22. The inventors repeatedly distinguished their invention from the single, hierarchical structures of the prior art. Korf Decl. ¶ 22. Describing the prior art, the inventors noted that "[m]any currently existing computer file control systems employ a hierarchical filing structure." '360 patent, Col. 1:28-29 (emphasis added). The inventors distinguished their invention from "[a] typical computer system [that] organizes data into files (analogous to papers in a paper filing system) and directories (analogous to file folders and hanging files.)" '360 patent, Col.1, lines 38-40. They provided FIG. 1 to figuratively describe the prior art which had a single root and only one hierarchy. '360 patent, Col.1:51-Col. 2:29. FIG. 1 has a single root. Korf Decl. ¶ 22. The inventors, when describing and distinguishing the prior art, repeatedly used the image of a single "tree." '360 patent, Col. 1: 44-49; Col. 2:10-11. In fact, they explained that the single, tree structure of prior art filing systems organizationally precluded the use of a "hybrid" logical directory or folder which contain those files

SPEEDTRACK'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1   whose contents overlaps more than one physical (hierarchical) directory. '360 patent, Col.2:40-42.

2   "In the typical hierarchical directory structure illustrated in FIG. 1, 'hybrid' directories are not

3   possible." '360 patent, Col.2;49-50.

4        The '360 patent expressly contemplates the potential use of some hierarchical structure

5   within the system; it just cannot use a single hierarchical structure.  Korf Decl. ¶ 22.  In certain

6   applications, it is possible to use multiple, mid-level hierarchies in combination with the invention.

7   '360 patent, Col. 9:56 – Col. 10: 3.  As the inventors concluded in this section of the specification:

8            This kind of "multi-level" categorization can be carried to any depth needed.

9            In essence, this approach is another way of organizing lists of category

10           descriptions of the type contemplated by the present invention, adding back

11           some flavor of a hierarchical structure but with the added benefits of

12           precision of input and certainty of existence.

13       '360 patent, Col. 10:4-9.

14       The '360 patent also describes linking different category descriptions at Col. 15, lines 39-55,

15   which adds some hierarchy, but does not result in a single hierarchy.  Korf Decl. ¶ 22.  For example,

16   if a file is associated with a category description called "E-Mail," the user could be asked to also

17   associate additional category descriptions with that file, such as "Sent," "Received," "Action,"

18   "Urgent," and "Reply."  *Id.*  This establishes a type of predefined hierarchical relationship between

19   the "E-Mail" category description and the others, but it does not result in a single hierarchical

20   structure, as prohibited in step 1(a) of claim 1 of the '360 patent.  *Id.*  Figure 2 of the '360 patent,

21   which is an embodiment of the invention, shows many such relationships among directories.

22       Senior employees of Endeca, including Dr. Ferrari, Endeca's Chief Technology Officer,

23   admit that Walmart.com's category description table, "walmart dimensions.xml," does not have a

24   single hierarchical structure.  Korf Decl. ¶¶ 19-20.   As described by these witnesses and in

25   documentary evidence, "walmart dimensions.xml" is composed of multiple, independent structures

26   with no overall hierarchical relationship between them.  *Id.*  That is, there is no single superordinate

27   component linking these separate structures and there is no hierarchical relationship between and

28   among them.  *Id.*; Korf Decl. ¶ 21.

-8-

Case No. 06-CV-07336-PJH            SPEEDTRACK'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT;
                                    MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1        Walmart.com calls each of the separate structures in "walmart dimensions.xml"

2   "dimensions" and the category descriptions in each dimension "dimension values."  Korf Decl. ¶ 19.

3   In "walmart dimensions.xml," "Price" and "Brand" are examples of dimensions, and price ranges

4   such as "$50-$200," and brands such as "Sony," are dimension values (i.e., category descriptions).

5   *Id.*  As Dr. Ferrari admitted, Walmart.com's category descriptions ("dimension values") in different

6   dimensions (e.g., Price and Brand) within "walmart dimensions.xml" have no hierarchical

7   relationship to one another at all:

8           Q:      In Exhibit 515 ["walmart dimensions.xml"] there is no hierarchical
                    relationship—dimension values living in different—living in different
9                   dimensions, correct?

10          A:      ***A given dimension value can only have one parent and because of that a***
                    ***dimension value – two dimension values pulled from two separate***
11                  ***dimensions couldn't have a hierarchical relationship.***

12  Korf Decl. ¶ 19.

13          Mr. Fitzgerald, another Endeca technical employee, similarly testified that there is no

14  hierarchical relationship between dimensions in the Forge output dimensions.xml file (of which the

15  file "walmart.dimensions.xml" is an example. Korf Decl. ¶ 19):

16          Q:      Okay.  So just like the input file, there's no hierarchy between different
                    dimensions and the output file, correct?
17

18          A:      I don't think that there's a hierarchical relationship between the dimensions
                    defined in the Forge output dimensions.xml[4] file.
19

20  Korf Decl. ¶ 19.

21          These admissions that there is no hierarchical relationship between dimensions or between

22  dimension values (i.e., category descriptions) in different dimensions confirms that the dimension

23  values (category descriptions) of "walmart.dimensions.xml" are not configured into a single

24  hierarchical structure, but rather are configured into multiple, independent dimension structures with

25  no hierarchical relationship between or among them.  Korf Decl. ¶ 20.  By definition, every

26  hierarchical structure must have a common root or parent that is superordinate to every other item in

27  ───────────────────

28      [4] The "walmart.dimensions.xml"' file (Exhibit 515) is an example of a "Forge output
    dimensions.xml."  Korf Decl. ¶ 19.

Case No. 06-CV-07336-PJH              SPEEDTRACK'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT;
                                      MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

the structure like the President in the military example previously described.  Korf Decl. ¶ 21.

Consistent with his testimony that no hierarchical relationship exists between category descriptions

in different dimensions in "walmart dimensions.xml," Dr. Ferrari acknowledged that there is no

common root (i.e., superordinate) to all of the dimensions in that category description table.  *Id.*  Mr.

Fitzgerald confirmed this testimony.  *Id.*

In the past, Endeca and Walmart.com have argued that there is a dimension called "Endeca"

in its computer system, and, therefore, the category description table is somehow structured into a

single hierarchical structure having a single superordinate component (i.e., the "Endeca"

dimension).  However, the testimony of senior employees of Endeca as well as the documentary

evidence, including "walmart dimensions.xml" itself demonstrate that the "Endeca" dimension is

not the root of that file.  Korf Decl. ¶ 27.  Dr. Ferrari admitted that every dimension has a dimension

root and that the dimension root is a dimension value that has no parent.  *Id.*  Mr. Fitzgerald

explained that there is no relationship defined between the "Endeca" dimension and all of the other

dimensions, the "Endeca" dimension is treated the same as all other dimensions, and the "Endeca"

dimension has no hierarchical relationship to any other dimensions. *Id.*  Based upon his own,

independent review of "walmart dimensions.xml," Professor Korf confirms that there is no

superordinate component in "walmart dimensions.xml" ("Endeca" or otherwise), and that "Endeca"

is not a category description, because it is not descriptive of anything and every product in the

Walmart.com system is tagged with it.  Korf Decl. ¶¶ 25-26.

Endeca and Walmart.com have also argued that even if "walmart dimensions.xml" is not a

single hierarchical structure, it does not infringe the patent because there is some hierarchical

relationship between some of the category descriptions (dimension values) within certain

dimensions (e.g., Price).  As discussed above, the '360 patent tolerates and in fact contemplates

some hierarchical relationships; so this argument fails.  Consistent with Endeca's admissions that

the category description table is not hierarchical (Korf Decl. ¶ 19-21) and the Court's construction

of "hierarchy" as requiring a single structure (Korf Decl. ¶ 17), the '360 patent discloses that there

can be some hierarchal relationships between certain category descriptions (e.g., linked categories)

so long as the category description table is not itself a single hierarchical structure.  Korf Decl. ¶ 22.

-10-

Case No. 06-CV-07336-PJH          SPEEDTRACK'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1    Walmart.dimensions.xml is not a single structure with one superordinate component and

2    therefore it is not hierarchical, as required by step (a) of claim 1.

### 3.    Step (b) of claim 1 of the '360 patent

4    Step (b) of claim 1 of the '360 patent states: "(b) thereafter creating in the computer system a

5    file information directory comprising at least one entry corresponding to a file on the data storage

6    system, each entry comprising at least a unique file identifier for the corresponding file, and a set of

7    category descriptions selected from the category description table" Korf Decl. ¶ 29.

8    The Court has construed a "file information directory" to be "a directory comprising

9    information corresponding to at least one file."  Korf Decl. ¶ 30.   In the Walmart.com system, a file

10   called "walmart-sgmt0.records.binary" meets that definition and it is the file information directory

11   required by the claim.  *Id.*

12   Each entry in "walmart-sgmt0.records.binary" corresponds to a product offered for sale on

13   the Walmart.com website (each product having a corresponding "file" including information about

14   that product, which is stored on the Walmart.com database) and each entry includes a unique

15   identifier.  Korf Decl. ¶ 31.  Dr. Ferrari testified that the Endeca software has a small file called

16   "walmart.record_spec.xml," which can assign a particular property value of each entry in the file

17   "walmart-sgmt0.records.binary" which is the unique identifier for that entry.  For the Walmart.com

18   implementation, the property value of each entry that is assigned as the unique identifier is called

19   "P_ITEM_ID."  *Id.*

20   Exhibit 18 to the Block Decl. is a  portion of "walmart-sgmt0.records.binary" that depicts an

21   entry corresponding to the "file" stored in the Walmart.com data storage system for the camcorder

22   "JVC GR-DA30 MiniDV Camcorder w/ 30x Optical Zoom and 2.4" V Slide LCD" (the "JVC

23   Camcorder").  In the portion of the Walmart.com file information directory pertaining to the "JVC

24   Camcorder," the entry includes a "unique file identifier" for the "JVC Camcorder," which is the

25   number "7811281."  Korf Decl. ¶ 32.  This unique identifier for the "JVC Camcorder" is indicated

26   as the property name "P_ITEM_ID" at the bottom of page 5 of the "walmart-sgmt0.records.binary"

27   file:

28

Case No. 06-CV-07336-PJH              SPEEDTRACK'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT;
                                      MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1
      &lt;PROP NAME="P_ITEM_ID"&gt;
       &lt;PVAL&gt;7811281&lt;/PVAL&gt;

2

3 Korf Decl. ¶ 32.

4    The unique identifier for the "JVC Camcorder" product is also a unique identifier for the

5 "file" that consists of the information about that product.  Korf Decl. ¶ 33.  For example, if one

6 navigates to the particular product "JVC GR-DA30 MiniDV Camcorder w/ 30x Optical Zoom and

7 2.4" V Slide LCD" on the Walmart.com website, the corresponding URL that appears in the location

8 bar near the top of the browser window is

9 "http://www.walmart.com/catalog/product.do?product_id=7811281," which includes the numerical

10 "product_id" of "7811281" at the end.  *Id.*

11    As required by the claims, the entry in "walmart-sgmt0.records.binary" pertaining to the JVC

12 Camcorder also includes a set of "category descriptions" selected from the "category description

13 table" ("walmart.dimensions.xml) which correspond to the JVC Camcorder, some of which are

14 listed below:

15
    &lt;DVAL_ID DIMENSION_ID="500569" ID="4293426806"/&gt;
    &lt;DVAL_ID DIMENSION_ID="500501" ID="4293763268"/&gt;

16
    &lt;DVAL_ID DIMENSION_ID="500957" ID="4293786120"/&gt;
    &lt;DVAL_ID DIMENSION_ID="500500" ID="4294296053"/&gt;

17

18 Korf Decl. ¶ 34.

19    In the file information directory for the "JVC Camcorder" of Exhibit 18 of the Block Decl.,

20 the category description for the "Camcorder Type" (i.e., 500957)—"Mini DV" (i.e., 429378120)—

21 and the category description for the "Brand" (i.e., 500500)—"JVC" (i.e., 429296053)—are included

22 in the set of associated category descriptions for the JVC Camcorder, as shown in the portion of the

23 file information directory shown above.  Korf Decl. ¶ 35.  These category descriptions are also

24 shown as part of the list of "Camcorder Type" and "Brand" category descriptions, as shown in the

25 portions of the Walmart.com category description table, "walmart dimensions.xml, shown in

26 Exhibits 16, Tabs A and B, respectively, of the Block Decl.  *Id.*

27    Finally, step (b) requires that the category descriptions of the file information directory be

28 selected from the category description table previously created in step (a).  This part of step (b) is

-12-

1   met by the Walmart.com file information directory.  Korf Decl. ¶ 36.  The "category descriptions",

2   particularly unique identifiers representing the category descriptions, depicted in the Walmart.com

3   file information directory, e.g., "Mini DV" (i.e., 429378120) and "JVC" (i.e., 429296053) are

4   defined when the category description table, "walmart.dimensions.xml," is created.  *Id.*  These same

5   unique identifiers appear in the Walmart.com file information directory, "walmart-

6   sgmt0.records.binary."  *Id.*  Because the identifiers representing the category descriptions that were

7   defined in the file "walmart.dimensions.xml" (the category description table) also appear in the file

8   "walmart-sgmt0.records.binary" (the file information directory), the file information directory must

9   have been created after the category description table is created, as required by claim 1.  *Id.*

10          From the beginning of this litigation, in November 2006, until less than two weeks ago,

11  neither Walmart.com, nor Endeca had ever disputed that the entries in "walmart-

12  sgmt0.records.binary" contained a set of "category descriptions."  However, long after discovery

13  closed and expert reports exchanged, on June 23, 2011, Endeca, out-of-the-blue, served a

14  supplemental response to SpeedTrack's Interrogatory No. 4, contending, for the first time ever[5], that

15  Walmart.com does not infringe claim 1, because only the numerical identifier, not the descriptive

16  name, of the category description is contained in "walmart-sgmt0.records.binary."  Block Decl. Exh.

17  23.  Even if Endeca's untimely change of position is permitted, Endeca is wrong.

18          The unique identifier in the file information directory is defined by the system in the

19  category description table to represent the descriptive name of the category description (e.g., the

20  number 429296053 is defined in the category description table and understood by the computer to

21  uniquely represent the brand "JVC").  Korf Decl. ¶ 37.  This is precisely what is taught in the

22  specification of the '360 patent.  *Id.*  Figure 4 depicts the file information directory of the claimed

23  invention and shows that the category descriptions in the file information directory taken from the

24  category description table are numbers representing the required "category descriptions" *Id.*

25  _____

26  [5] Neither Walmart.com nor Endeca made this contention when it opposed SpeedTrack's Motion
    for Summary Judgment that was filed prior to the stay due the Reexamination proceedings and
    which contended that Walmart.com infringed by including the identifier in its file information

27  directory.  Instead, Walmart.com and Endeca were silent on this issue in their opposition brief, and
    thus effectively conceded that "walmart-sgmt0.records.binary" contains a set of category

28  descriptions.  (*See,* Docket Item No. 233).

Case No. 06-CV-07336-PJH            SPEEDTRACK'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT;
                                    MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Walmart.com's file information directory creates and places the category descriptions in the file information directory in exactly the same was as is shown in Figure 4. Korf Decl. ¶ 37. The conclusion that the category descriptions in the file information directory may be represented by numbers is also consistent with Dr. Turnbull's expert opinion that the Kleinberger prior art reference anticipates claim 1 of the '360 patent and therefore satisfies the requirements of step 1(c). As described by Dr. Turnbull, the category descriptions in the file information directory that he claims exists in Kleinberger consists of numbers (just like Figure 4 of the '360 patent).[6] *Id.* Consistent with this opinion, Dr. Turnbull has never opined that Walmart.com does not infringe claim 1, because it only contains identifiers in the file "walmart-sgmt0.records.binary" representative of the name. *Id.*

Walmart.com performs step (b) of claim 1.

### 4. Step (c) of claim 1 of the '360 patent

Step (c) of claim 1 of the '360 patent states: "(c) thereafter creating in the computer system a search filter comprising a set of category descriptions, wherein for each category description in the search filter there is guaranteed to be at least one entry in the file information directory having a set of category descriptions matching the set of category descriptions of the search filter." Korf Decl. ¶ 39. As construed by the Court, "search filter" means "a set of one or more category descriptions (depending on the context of claim 1[7] or claim 20) and at least one logical operator if there is more than one category description in the search filter that is used to search." Korf Decl. ¶ 40.

Following the creation in the computer system of the "category description table," "walmart.dimensions.xml," and the file information directory, "walmart-sgmt0.records.binary," Walmart.com presents a pre-defined pick list of category descriptions (dimension values) to the customer which the customer can select from, and from which Walmart.com constructs a search

_____

[6] Dr. Turnbull described the keyword numbers in Kleinberger as corresponding to the descriptive name portion of the category description: "Kleinberger also contains a 'file information directory' in the form of an 'index,' as shown in Figure 3D. The index contains a unique identifier for each text (i.e., the text number) ***and the keyword numbers corresponding to the keywords associated with each text***." Korf Decl. ¶ 37.

[7] In the context of claim 1, a search filter contains a set of more than one category descriptions.

SPEEDTRACK'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1  filter in its computer system.  Korf Decl. ¶ 42.  Under normal operation, the Walmart.com system

2  only presents the customer with category descriptions (dimension values) that correspond to at least

3  one file (product) in the file information directory (walmart-sgmt0.records.binary), thus

4  guaranteeing a result.  *Id.*  As described by Endeca in its Concepts Guide:

5           A navigation query, in its most basic form, is a combination of one or
          more dimension values….  A navigation query instructs the
6           Navigation Engine to return the set of records that represents the
          intersection of all the dimension values that it contains….  When an
7           intersection doesn't exist between *all* of the dimension values in a
          navigation query, that query is considered a dead end….  The
8           Navigation Engine automatically eliminates such dead end queries by
          virtue of the way it structures the follow-on query information that it
9           returns in its query results.  This is the essence of Guided
          Navigation…

10

11  Korf Decl. ¶ 42.

12       A demonstration of screen shots showing the creation by Walmart.com of two typical search

13  filters in the Walmart.com computer system used to search for entries in the file information

14  directory so that the file for the JVC camcorder is accessed from the Walmart.com database is

15  depicted in Paragraphs 59-71 of the accompanying declaration of Alan P. Block.  Korf Decl. ¶ 43.

16       Paragraph 59 of the Block Declaration shows the Walmart.com home page.  A customer,

17  who is interested in purchasing the "JVC Camcorder," may first input the term "camcorders" into

18  the text box.  Korf Decl. ¶ 44.  This step is not a part of the "search filter" of step 1(c), because a

19  category description has not been selected.  *Id.*  The resulting screen is shown in Paragraph 60,

20  which shows on the left side of the screen a list of category descriptions associated with the term

21  "camcorders."  *Id.*  Each of these category descriptions has an accompanying number in parentheses,

22  e.g., the category description for the Brand "JVC" has the number 18, which means that, if that

23  category description is selected as the first member of the search filter, there would be 18 camcorder

24  products which are associated in the file information directory "walmart-sgmt0.records.binary" with

25  the category description "JVC."  *Id.*

26       In the next screen shot shown in Paragraph 61of the Block Decl., the customer has selected

27  "JVC" and the Walmart.com computer has searched for all matching "JVC" camcorders.  Korf Decl.

28  ¶ 45.  The Walmart.com screen shows the 18 products in the middle portion of the screen and shows

1   all category descriptions which remain for the matching 18 JVC camcorders on the left side of the

2   screen.  *Id.*  For example, if the "JVC Camcorder" that the customer is interested in is a "Mini DV"

3   type of camcorder, the customer can select the category description "Mini DV," for which there is

4   guaranteed to be three such products, as indicated by the number 3 in parentheses next to the "Mini

5   DV" category description.  *Id.*

6         Paragraph 62 of the Block Decl. shows the screen shown by the Walmart.com computer

7   system after having accepted the customer's selection of the category description "Mini DV,"

8   adding it to the previously selected category description "JVC" so the Walmart.com computer

9   system created a search filter comprised of the category descriptions "JVC" and "Mini DV," and

10  searched for all matching camcorders in the file information directory "walmart-

11  sgmt0.records.binary" associated with the category descriptions "JVC" and "Mini DV."  Korf Decl.

12  ¶ 46.  The previous screen showed that three camcorders were guaranteed to be found, and in the

13  next screen, three camcorders were found and displayed, along with the remaining category

14  descriptions associated with those three camcorders.  *Id.*

15        If the customer wishes to spend between $150-$200 for a camcorder, the customer may next

16  select the category description "$150-$200," for which there is guaranteed to be one matching

17  camcorder, as indicated by the number 1 in the parentheses next to this category description.  Korf

18  Decl. ¶ 47.  Paragraph 63 of the Block Decl. depicts the "JVC Camcorder" product information from

19  the "file" for this product that, after the search filter for "JVC," "Mini DV," and "$150-$200" was

20  created in the Walmart.com computer system, was accessed from the Walmart.com database using

21  the product identification "7811281," as shown in the URL for this page:

22  "http://www.walmart.com/catalog/product.do?product_id=7811281."  *Id.*  This search using the

23  category descriptions guaranteed a result, as demonstrated by the fact that Walmart.com indicated

24  for each category description the number of matching products (always one or more), and by the

25  Endeca documentation which states that searches are guaranteed a result.  Korf Decl. ¶ 48.

26        The second search also starts from the Walmart.com home page, shown in Paragraph 64 of

27  the Block Declaration, using the Walmart.com catalog.  Korf Decl. ¶ 49.  If the customer were to

28  pass his or her cursor over the keyword "Electronics," the customer will see a number of keyword

1  selections, including "Cameras."  *Id.*  Selecting the keyword "Cameras" causes the screen shown in

2  Paragraph 65 to be displayed.  *Id.*  On the left side are some possible selections, one of which is the

3  keyword "Camcorders."  *Id.*  Selecting the keyword "Camcorders" causes the screen shown in

4  Paragraph 66 to be displayed.  *Id.*  Here, the customer may select a brand, such as "JVC," as shown

5  in Paragraph 66  *Id.*  After selecting "JVC," Walmart.com displays to the customer a number of

6  options by which the customer may "Narrow your results by:," as shown in the middle of the screen

7  shown in Paragraph 67.  *Id.*

8         At this point, the customer is using the Endeca software and can select category descriptions

9  from which the Walmart.com computer system can create a search filter.  Korf Decl. ¶ 50.  For

10  example, as shown in Paragraph 68 under the term "Camcorder Type," the Walmart.com system

11  displays four available category descriptions pertaining to the types of JVC camcorders that are

12  available, one of which is "Mini DV," for which three matching camcorders are guaranteed to exist.

13  Selecting "Mini DV" causes a search filter comprising "Mini DV" and "JVC" to be created and

14  return a screen showing the search results of the three JVC Mini DV camcorders and the category

15  descriptions associated with those three camcorders in Paragraph 69.  *Id.*  The customer can next

16  select a price under the "Price" pull-down menu to add that category description to the search filter,

17  as depicted in Paragraph 70.  *Id.*  As shown in Paragraph 70, there is guaranteed to be one matching

18  JVC, Mini DV camcorder matching the price "$150-$200," and selecting that category description

19  causes the Walmart.com computer system to add the category description "$150-$200" to the search

20  filter and locate the one matching camcorder, the "JVC Camcorder," having product identification

21  "7811281," as shown in Paragraph 71.  *Id.*  Again, as in the first search, the search using the

22  category descriptions guaranteed a result, as demonstrated by the fact that Walmart.com indicated

23  for each category description the number of matching products (always one or more), and by the

24  Endeca documentation describing that searches are guaranteed a result.  *Id.*

25         In the past, Walmart.com and Endeca have argued that they do not infringe because it is the

26  customer that creates the search filter and not Walmart.com.  This is an argument constructed on a

27  false premise; Walmart.com's computer creates the search filter, not the Walmart.com customer.  As

28  Professor Korf explains, the search filter is a data structure created by the computer software in the

SPEEDTRACK'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1    Walmart.com computer system that produces a search query in a format that can be used by the

2    search engine. Korf Decl. ¶ 51.  After the end user selects category descriptions presented by the

3    computer system, Walmart.com's software, among other things, translates those descriptive names

4    into unique identifiers and uses those unique identifiers, together with logical operators, to create the

5    actual search filter.  *Id.*  The user does not create the search filter.

6        Step 1(c) of claim 1 is practiced by Walmart.com, not by the end-user customers, and this is

7    not a "joint infringement" case where more than one party is performing the claimed steps.  Claim 1

8    is structured to capture infringement by a single party, in this case Walmart.com, who performs all

9    of the required steps of creating, in the Walmart computer system, (1) the category description table;

10   (2) the file information directory; and (3) the search filter.  *See*, *Uniloc USA, Inc. v. Microsoft Corp.*,

11   632 F.3d 1292, 1309 (Fed. Cir. 2011).

12       Accordingly, by thereafter creating search filters in its computer system, Walmart.com

13   performs step 1(c).

14   **C.      There is no Clear and Convincing Proof of an Invalidating Offer for Sale Under**

15   **35 U.S.C. § 102(b)**

16       Walmart.com and Endeca contend that an October 29, 1991 MacWeek article entitled

17   "Paragon Caters to PowerBook Buyers With Slimmed Down Nisus Compact," Vol. 5, Issue 37 is an

18   invalidating offer for sale pursuant to 35 U.S.C. § 102(b)[8], because it occurred more than one year

19   before the '360 patent application was filed.  Final Invalidity Contentions; Block Decl. Exhibit 28.

20   A copy of that article is attached as Exhibit 27 to the Block Declaration.  The October 29, 1991

21   article was published more than one year before November 23, 1992 when the '360 patent

22   application was filed, but it was not an offer for sale.

23       The MacWeek article is nothing more than an announcement of the Nisus Compact product

24   then under development which is a smaller version of the Nisus word processing program.

25   Although the article stated the product was "priced at $150," the article also mentioned it was "due

26   to ship this year," thereby communicating to a reader that the product was not yet available for sale.

27   _____

28   [8] Under Section 102(b), a patent claim is invalid if the claimed invention was on sale in the
     United States more than one year prior to the date of the application for patent in the United States.

1   With respect to the patented features claimed in the '360 patent, the article is vague.  It merely

2   states:

> Nisus Compact will incorporate a new way to help keep files
> organized and accessible.  When users create a file, they can check off
> several categories to which it belongs, which will simplify finding the
> file at a later date.

6      A determination that a product was placed on sale prior to the critical date is a conclusion of

7   law based on underlying findings of fact.  *Linear Tech. Corp. v. Micrel, Inc.*, 275 F.3d 1040, 1047

8   (Fed. Cir. 2001).  The law is clear concerning what is factually required to satisfy the on-sale bar.

9   First, the product must be the subject of a commercial offer for sale and second, the invention must

10   be ready for patenting.  *Pfaff v. Wells Elecs.*, 525 U.S. 55, 67 (1998).  Cases construing *Pfaff* have

11   further delineated the requirements of a commercial offer for sale:  the offer must meet the level of

12   an offer for sale in a contract sense and be understood as such; *Group One, Ltd. v. Hallmark Cards,*

13   *Inc.*, 254 F.3d 1041, 1047 (Fed. Cir. 2001) and a "communication that fails to constitute a definite

14   offer to sell the product and to include material terms is not an 'offer' in the contract sense." *Elan*

15   *Corp., PLC v. Andrx Pharms., Inc.*, 366 F.3d 1336, 1341 (Fed. Cir. 2004).

16      The MacWeek article does not evidence a commercial offer for sale for the Nisus Compact

17   product.  This is a reporter's article during a MacWorld Show in Las Vegas noting the future release

18   of a new product and the expected price of that product.  There is no evidence of a particular

19   transaction between any offeror and offeree.  As a matter of law, the MacWeek article does not

20   establish an invalidating offer for sale under 35 U.S.C. § 102(b).  In fact, Walmart.com and Endeca

21   conceded in their opposition to SpeedTrack's original motion for summary judgment that the

22   MacWeek article by itself was not an invalidating offer for sale.  Block Decl. Exh. 29.

23      Walmart.com and Endeca have offered no other proof of any other allegedly invalidating

24   offer for sale, and therefore SpeedTrack is entitled to partial summary judgment that there is no

25   invalidating offer for sale under 35 U.S.C. § 102(b).

Case No. 06-CV-07336-PJH

-19-
SPEEDTRACK'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1

**D.     SpeedTrack is Entitled to Partial Summary Judgment of the Defenses of Lack of**

2

**Enablement and Written Description Under 35 U.S.C. § 112, ¶ 1 and Non-**

3

**Statutory Subject Matter Under 35 U.S.C. § 101**

4          In their Final Invalidity Contentions pursuant to N.D. Cal. Patent L.R. 3-6, Walmart.com and

5   Endeca contended that "the disclosure of the '360 Patent fails to satisfy the requirement of 35 U.S.C.

6   § 112(1)[9], because it fails to enable one of skill in the art to make and/or use the claimed inventions

7   without undue experimentation and/or fails to satisfy the written description requirement."  Block

8   Decl. Exh. 28.  Walmart.com and Endeca offered no specific evidence of these violations in these

9   Contentions, and their expert reports contained no expert opinion on these issues.  Instead,

10  Walmart.com and Endeca purportedly "reserved their right" to amend their contentions to identify

11  how the asserted claims of the '360 patent fail to satisfy the requirements of 35 U.S.C. § 112.  *Id.*

12  Further, in their pleadings, but not in their Invalidity Contentions, Walmart.com and Endeca plead a

13  defense of invalidity under 35 U.S.C. § 101[10] for claiming non-statutory subject matter.  Block Decl.

14  Exh. 30.

15         Although Walmart.com and Endeca bear the burden of proving each of these invalidity

16  defenses by clear and convincing evidence, Walmart.com and Endeca were asked but never

17  provided any evidentiary support for any of these defenses during liability discovery.  Block Decl.,

18  at 28.  SpeedTrack's Interrogatory Nos. 6 and 8 to Endeca sought the facts which Endeca contends

19  support its contentions that any claims of the '360 patent are invalid under 35 U.S.C. §§ 101 and

20  112, respectively.  Endeca responded to each interrogatory by informing SpeedTrack that it "will

21  obtain the information sought in Endeca's invalidity contentions due on July 23, 2007."  *Id.*  As

22  discussed above, however, Endeca failed to provide such facts in its invalidity contentions.  *Id.*

23  Accordingly, as there is a complete lack of evidence, the Court should enter partial summary

24  _____

25         [9] Section 112(1) requires, in pertinent part, that "[t]he specification shall contain a written
description of the invention, and of the manner and process or making and using it, in such full,
26  clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with
which it is most nearly connected, to make and use the same."

27         [10] Section 101 states that "[w]hoever invents or discovers any new and useful process, machine,
manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a
28  patent therefore, subject to the conditions and requirements of this title."

-20-

Case No. 06-CV-07336-PJH          SPEEDTRACK'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1    judgment on each defense in SpeedTrack's favor.  *Celotex*, 477 U.S. at 323-25.

2         **E.**    **SpeedTrack is Entitled to Partial Summary Judgment on the Defense of**

3               **Anticipation Under 35 U.S.C. § 102**

4         "Anticipation [under Section 102] requires that all of the claim elements and their limitations

5    are shown in a single prior art reference."  *Old Reliable Wholesale, Inc. v. Cornell Corp.*, 635 F.3d

6    539 (Fed. Cir. 2011).  Based on the references themselves, there is no genuine issue of material fact

7    that at least one element from asserted independent claims 1 and 20 of the '360 patent is missing

8    from each of those references.  At trial, Endeca may reprise its many, rejected arguments during the

9    re-examination proceedings concerning obviousness under 35 U.S.C. § 103, but the Section 102

10   defense of invalidity based on anticipation should be summarily dismissed before trial.

11        The asserted claims consist of independent claims 1 and 20 and claims that depend

12   therefrom.  Walmart.com and Endeca have in the past asserted that independent claims 1 and/or 20

13   of the '360 patent are anticipated by six references: (i) Cochran, U.S. Patent No. 4,879,648

14   ("Cochran"), Block Decl. Exh. 31; (ii) Godin '89 ("Godin"), Block Decl. Exh. 32; (iii) Suzuki,

15   Japanese Pat. App. No. S64-1030 ("Suzuki"), Block Decl. Exh. 33; (iv) Kleinberger, U.S. Patent

16   No. 5,062,074 ("Kleinberger"), Block Decl. Exh. 34; (5) Schneiderman, Block Decl. Exh. 35; and

17   (vi) Lotus Agenda, Block Decl. Exh. 36.

18        Endeca made these same assertions in its Request for Reexamination (Block Decl. Exh. 3);

19   however, the Patent Office confirmed that independent claims 1 and 20 of the '360 patent are not

20   anticipated by four of these references and found that two of the references (Schneiderman and

21   Lotus) did not even present a substantial new question of patentability.  Block Decl. Exhs. 37 and

22   38.  As the Patent Office has already considered all six of these references in confirming the validity

23   of the claims, at Endeca's request and in light of Endeca's lengthy arguments why these references

24   anticipate claims 1 and/or 20, Walmart.com and Endeca now not only have the burden of proving

25   anticipation by clear and convincing evidence, but also must show that the Patent Office was wrong

26   in its decision to confirm the validity of the assert claims of the '360 patent.  *PowerOasis, Inc. v. T-*

27   *Mobile USA, Inc.*, 522 F.3d 1299, 1304 (Fed. Cir. 2008); *Medtronic Vascular, Inc. v. Advanced*

28   *Cardiovascular Systems, Inc.*, 614 F. Supp. 2d 1006, 1024 (N.D. Cal. 2009).

1    Walmart.com and Endeca's burden to prove invalidity when the references being relied upon

2    have been considered by the Patent Office is "especially difficult." *Al-Site Corp. v. VSI Int'l, Inc.*,

3    174 F.3d 1308, 1323 (Fed. Cir. 1999).  This "especially difficult" burden is to be applied in

4    considering this motion for partial summary judgment:  "[I]n ruling on a motion for summary

5    judgment, the judge must view the evidence presented through the prism of the substantive

6    evidentiary burden." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (U.S. 1986).

7    In view of both Professor Korf's expert opinions that each of these reference lacks one or

8    more of the elements of claims 1 and/or 20 and the Patent Office's decision to confirm the validity

9    of claims 1 and 20 over these references, Walmart.com and Endeca cannot meet their "especially

10   difficult" burden of showing, not only that the Patent Office was wrong in its decision to confirm the

11   validity of claims 1 and 20 of the '360 patent over these references and over Endeca's anticipation

12   arguments, but also that all of the elements of claims 1 and 20, and their limitations, are shown by

13   clear and convincing evidence in each of these six prior art references.  SpeedTrack is therefore

14   entitled to partial summary judgment that each of these six references do not anticipate any of the

15   claims 1 and/or 20 of the '360 patent and do not anticipate any of their asserted dependent claims

16   (claims 2-4, 7, and 11-14 which depend claim 1 and claim 21 which depends from claim 20)[11]

17            **1.      Cochran Does Not Anticipate Claims 1 and 20 of the '360 Patent**

18   Cochran lacks all of the required method steps of claim 1 and most of claim 20.  In

19   particular, Cochran does not have steps 1(a); 1(b); and 1(c) of claim 1 of the '360 patent.  Korf Decl.

20   ¶¶ 57-60.  With respect to claim 20, Cochran does not include steps 20(a); 20(b); 20(c); 20(g); and

21   20(h).  Korf Decl. ¶¶ 57 and 61-64.

22            **2.      Godin Does Not Anticipate Claims 1 and 20 of the '360 Patent**

23   Godin does not include many of the steps of claims 1 and 20.  Godin lacks steps 1(a) and

24   1(b) of claim 1 of the '360 patent.  Korf Decl. ¶¶ 68-70.  It also does not have method steps 20(a);

25   20(b); 20(c); 20(g); and 20(h) of claim 20 of the '360 patent.  Korf Decl. ¶¶ 68-69 and 71-74.

26   _____

27   [11] If an independent claim is not anticipated by a prior art reference, any claim that is dependent
     from that independent claim cannot be anticipated by that reference as well.  A dependent claim is
28   required to be construed to incorporate by reference all the limitations of the claim to which it refers.
     35 U.S.C. § 112(4).

Case No. 06-CV-07336-PJH          SPEEDTRACK'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT;
                                  MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1

      **3.**      **Suzuki Does Not Anticipate Claims 1 and 20 of the '360 Patent**

2

      Suzuki lacks all of the required steps of claim 1.  Korf Decl. ¶¶ 78-81.  Further, steps 20(a);

3

20(b); 20(c); 20(f); 20(g); and 20(h) of claim 20 of the '360 patent are not disclosed in Suzuki.  Korf

4

Decl. ¶¶ 78 and 82-84.

5

      **4.**      **Kleinberger Does Not Anticipate Claim 1 of the '360 Patent**

6

      Walmart.com and Endeca contend that Kleinberger anticipates claim 1 of the '360 patent.

7

Walmart.com and Endeca are wrong.  Kleinberger lacks steps 1(a); 1(b); and 1(c) of claim 1 of the

8

'360 patent.  Korf Decl. ¶¶ 87-90.

9

      **5.**      **Schneiderman And Lotus Agenda Do Not Anticipate Claim 1 of the '360**

10

              **Patent**

11

      Walmart.com and Endeca contend that Schneiderman and Lotus Agenda anticipate claim 1

12

of the '360 patent.  Neither Schneiderman, nor Lotus Agenda teaches any of the steps of claim 1

13

(Korf Decl. ¶¶ 93-96 and 98-100), and they do not anticipate it.  Notably, Endeca made this same

14

contention in its Request for Reexamination; however, the Patent Office held that the Schneiderman

15

and Lotus Agenda references did not even raise a "substantial new question of patentability" Block

16

Decl. Exh. 36; i.e., neither even warranted reexamination of claim 1 on this ground.

17

**IV.**    **CONCLUSION**

18

      For the foregoing reasons and authorities, SpeedTrack respectfully requests partial summary

19

judgment as prayed for herein.

20

21

DATED:  July 6, 2011                HENNIGAN DORMAN LLP

22

23

                          By         /S/ Roderick G. Dorman
                                   Roderick G. Dorman

24

25

                          Attorneys for Plaintiff, SPEEDTRACK, INC.,

26

27

28

1

**PROOF OF SERVICE**

2

3        I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and not a party to the within action; my business address is 865 South Figueroa Street, Suite 2900, Los Angeles, California  90017.

4

5        On July 6, 2011, all counsel of record who are registered ECF users are being served with a copy of the foregoing document described as **SPEEDTRACK, INC.'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT PURSUANT TO RULE 56(A), FED. R. CIV. PRO. THAT DEFENDANT WALMART.COM USA, LLC HAS PRACTICED EACH OF THE PREAMBLE AND STEPS 1(A), 1(B), AND 1(C) OF U.S. PATENT NO. 5,544,360; WALMART.COM IS DIRECTLY INFRINGING CLAIM 1 OF THE '360 PATENT UNDER 35 U.S.C. § 271(A); AND THE ASSERTED CLAIMS OF THE '360 PATENT ARE NOT INVALID UNDER: (a) § 102(B) FOR AN OFFER FOR SALE; (b) § 112(1) FOR LACK OF ENABLEMENT OR WRITTEN DESCRIPTION; (c) § 101 FOR NON-STATUTORY SUBJECT MATTER; AND (d) § 102 FOR ANTICIPATION** via the Electronic Case Filing Program of the United States District Court for the Northern District of California per Local Rule 5-3.3.

6

7

8

9

10

11

12        I caused the document listed above to be transmitted by **FedEx** to the individual on the service list as set forth below only:

13

14

15                        Chambers of the Hon. Phyllis J. Hamilton
                        United Stated District Court, Oakland Division
                        *Attn*:  Regarding SpeedTrack Litigation
16                        1301 Clay Street
                        3rd Floor, Courtroom 3
17                        Oakland, CA 94612-5212

18

19        Executed on July 6, 2011, at Los Angeles, California.

20        I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

21

22                                _____
                                        /S/ Carol Yuson
23                                        Carol Yuson

24   1754778.4

25

26

27

28

                                1