UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SPEEDTRACK, INC.,

    Plaintiff,

    v.

WAL-MART STORES, INC., et al.,

    Defendants.

_____/

No. C 06-7336 PJH

**ORDER DENYING MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS**

    Before the court is plaintiff's motion for leave to amend its final infringement contentions. Plaintiff seeks leave to amend its final infringement contentions, in order to include the contention that the accused product infringes step (b) of claim 1 and step (c) of claim 20 under the doctrine of equivalents. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby DENIES plaintiff's request.

    A party may amend its infringement contentions upon a showing of "good cause." Patent L.R. 3-6. As the parties acknowledge, a good cause determination requires consideration whether the moving party has been diligent in amending its contentions. See O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc., 467 F.3d 1355, 1366-67 (Fed. Cir. 2006)("The burden is on the movant to establish diligence"). Here, it is undisputed that defendant Endeca first took the position that the accused method does not read upon the "category descriptions" limitation of step (b) of claim 1 and step (c) of claim 20 – because their accused device uses numeric identifiers to identify "category descriptions" instead of a "name" as required by the court's prior claim construction – in a supplemented response to Interrogatory No. 4 on June 23, 2011. Thus, this is also the date on which plaintiff first had

reason to know of its need to amend its infringement contentions in order to assert infringement as to the foregoing limitation under the doctrine of equivalents. Yet plaintiff waited almost six months to formally move to amend. This constitutes a lack of diligence in seeking to amend. While plaintiff contends that it showed diligence by attempting to thwart defendants from altering their non-infringement position by making an estoppel argument in connection with the July 6, 2011 motions for summary judgment, this argument is unpersuasive, since the inclusion of an uncertain estoppel argument in connection with dispositive motions is no substitute for a formal and affirmative decision to seek leave to amend.

Moreover, and in addition to plaintiff's lack of diligence, defendants would be prejudiced in the event plaintiff were permitted to amend its infringement contentions. As a practical matter, the court would need to consider reopening discovery in order to allow the parties to litigate plaintiff's altered theory of infringement, and this would furthermore create new grounds upon which plaintiff could again seek a dispositive ruling before trial – all of which would increase the scope of litigation at this relatively late date and delay resolution of the case.

In sum, and based on all the foregoing, the court hereby DENIES plaintiff's motion. The hearing date of February 8, 2012 is furthermore VACATED.

**IT IS SO ORDERED.**

Dated: February 3, 2012

_____
PHYLLIS J. HAMILTON
United States District Judge